ELISHA P. BARKER v. THE TERRITORY OF OKLAHOMA.

(Filed September 3, 1904.)

1. HOMICIDE—Indictment—Insufficient, When—Practice. An indictment for murder under the first subdivision of section 2078 of the Statutes of 1893, must allege that the injury to deceased was inflicted by the defendant with a premeditated design to effect his death.

2. SAME—Manslaughter in Second Degree. An indictment for manslaughter in the first degree under the second subdivision of section 2086 of the Statutes of Oklahoma of 1893, must allege that the injury was inflicted either in a heat of passion and in a cruel and unusual manner, or in a heat of passion and by means of a dangerous weapon. Under section 2090 of the Statutes of Oklahoma of 1893, every killing of one human being by the act, procurement or culpable negligence of another, which, under the provision of the chapter on homicide is not murder, nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*P. S. Nagle, Lee M. Gray, R. B. Forrest* and *W. A. Mc-Cartney* for plaintiff in error.

*P. C. Simons, Attorney General,* for defendant in error.

Opinion of the court by

BURWELL, J.: The appellant, Elisha P. Barker, was convicted of manslaughter in the first degree for the killing of one Charles Birlew, and was sentenced to serve a term of twenty-five years in the territorial penitentiary. The indictment purports to charge the defendant with the crime of murder, but it is insisted that it neither charges murder nor manslaughter in the first degree, sufficiently to sustain a judgment and sentence therefor. Hence a correct determination of the questions raised by the appeal necessitates an examination of the language of the indictment, and an interpretation of our statute relative to homicide. The indictment, omitting the caption, is as follows:

"Of the November term of the district court of the second judicial district of the Territory of Oklahoma, within and for Canadian county in said Territory, in the year of our Lord, one thousand nine hundred and two, the grand jurors chosen, selected and sworn, in ·and for the county of Canadian in the name and by the authority of the Territory of Oklahoma, upon their oaths present: That Elisha P. Barker, late of the county aforesaid on the 16th day of August in the year of our Lord, one thousand nine hundred and two, in the county of Canadian and Territory of Oklahoma aforesaid, wilfully, unlawfully and feloniously did make an assault upon Charles Birlew with the felonious intent, then and there him, the said Charles Birlew to kill and murder; and the said Elisha P. Barker a certain pistol then and there charged with powder and leaden bullets which pistol, he, the said Elisha P. Barker, then and there had and held in his right hand, then and there unlawfully, wilfully, feloniously and of his premeditated design and malice, did discharge and shoot off, to, at and against the body of him, the said Charles Birlew; and the said Elisha P. Barker, with

one of the bullets aforesaid, out of the said pistol then and there by force of the gunpowder aforesaid by the said Elisha P. Barker discharged and shot off as aforesaid, then and there unlawfully, wilfully, feloniously and of his deliberate and premeditated malice, did strike, penetrate and wound him, the said Charles Birlew, with the intent aforesaid thereby then and there giving to him, the said Charles Birlew in and upon the left side of the body with the bullet aforesaid, one mortal wound, of which mortal wound, he, the said Charles Birlew on the said 16th day of August, 1902, died. And so the grand jurors. upon their oaths do say, that the said Elisha P. Barker, did kill and murder him, the said Charles Birlew, unlawfully. purposely and of his deliberate and premeditated malice. Contrary to the form———" etc.

It is a well established rule that a good indictment for murder will sustain a conviction of any of the lesser degrees of homicide; but is the indictment in question such as meets the requirements of the law as to murder? We think not. Section 2078 of the statutes defines homicide to be murder: First, when perpetrated without authority of law, and with a premeditated design to effect the death of the person killed, or of any other human being; second, when perpetrated by an act imminently dangerous to others and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual; and third, when perpetrated without any design to effect death by a person engaged in the commission of any felony.

It will be seen from an examination of the indictment and the statutes that the homicide in question was sought to be charged under the first subdivision of section 2078 of the Statutes of Oklahoma of 1893, and is defective in that it fails to charge that the defendant shot the deceased with

the premeditated design to effect his death, nor does the indictment contain other words of like import and meaning. (*Jewell v. The Territory*, 4 Okla. 53, and *Holt v. Territory*, 4 Okla. 76.) Such an allegation is indispensable in an indictment for murder, unless it be returned under one of the other subdivisions of the section quoted. We are also satisfied that the indictment fails to charge the offense of manslaughter in the first degree, in that it nowhere states that the defendant shot the deceased in a heat of passion.

Section 2086 of the Statutes of Oklahoma of 1893 defines homicide to be manslaughter in the first degree: "First, when perpetrated without a design to effect death, by a person while engaged in the commission of a misdemeanor; second, when perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon; unless it is committed under such circumstances as constitute excusable or justifiable homicide; third, when perpetrated unnecessarily either while resisting an attempt by the person killed to commit a crime, or after such attempt shall have failed."

It is not contended that the first or third subdivisions of this section have any application to this case, but that the indictment must be upheld, if at all, under the second subdivision. Therefore, we will confine our views to it. This statute has been in force in the Territory ever since 1890, and the trial courts have repeatedly held that if the killing was effected by means of a dangerous weapon, it would be manslaughter, although not done in a heat of passion; but we are of the opinion that the clause, "and in a heat of passion" modifies not only the language, "but in a cruel and unusual manner," but also the words, "or by means of a dangerous weap-

on." To state it differently, homicide is manslaughter in the first degree when perpetrated without a design to effect death, but in a heat of passion, and in a cruel and unusual manner, or when committed without a design to effect death, but in a heat of passion and by means of a dangerous weapon. In other words, homicide is not necessarily manslaughter in the first degree, simply because death is produced by means of a dangerous weapon.

The indictment sufficiently charges manslaughter in the second degree under section 2090 of the Statutes of Oklahoma of 1893, which provides:

"Every killing of one human being by the act, procurement or culpable negligence of another, which under the provisions of this chapter, is not murder, nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree."

But the defendant was not convicted of this offense. Therefore, the judgment of the lower court is hereby reversed, and a new trial granted under the indictment for manslaughter in the second degree, without prejudice to the Territory, to return an indictment for murder or manslaughter in the first degree, and to try the defendant under the same. The costs of this appeal are hereby taxed to the appellee, and if the said Barker is in the penitentiary the warden thereof is hereby directed to deliver him to the sheriff of Kingfisher county, who shall confine him in the common jail of said county until discharged according to law.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.