Johnnie L. SMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–200.

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1982.

Steven L. Parker, Tecumseh, for appellant.

Jan Eric Cartwright, Atty. Gen., Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Johnnie L. Smith, appellant, was charged in the District Court of Pottawatomie County, Case No. CRF–80–53, with the crime of Manslaughter in the First Degree. The amended information provided in pertinent part as follows:

That on or about the 3rd day of February, 1980, and anterior to the filing hereof, in said County and State and within the jurisdiction of this Court, the above named Johnnie L. Smith then and there being, did then and there unlawfully, knowingly, wilfully, intentionally, wrongfully, and feloniously commit the crime of Manslaughter—First Degree (21–711(2)) in the following manner to-wit: in that the said Defendant did unlawfully, wilfully and feloniously without a premeditated design to effect death, did cause and effect the death of one Allen Monroe Smith without excusable or justifiable cause, by then and there shooting the body of the said Allen Monroe Smith with a certain gun, to-wit: a .22 calibre handgun the same being a dangerous and deadly weapon then and there had and held in the hands of said defendant and with which he shot the said Allen Monroe Smith and did then and there and thereby inflict certain mortal wounds in and upon

the body of the said Allen Monroe Smith from which mortal wounds the said Allen Monroe Smith did then and there languish and die.

He was found guilty of the lesser included offense of Manslaughter in the Second Degree, and was sentenced to serve a term of four (4) years' imprisonment.

On appeal, under his first assignment of error, he argues that the information as set forth above was insufficient to charge manslaughter in the first degree, in that it omitted to allege that the homicide was committed in a heat of passion. Appellant contends that the trial court should have directed a verdict of not guilty by granting his motion for a directed verdict, because, he maintains, the district attorney chose to rely upon the second section of our statute setting forth the crime of manslaughter in the first degree. (21 O.S.1981, § 711).[1] The appellant argues that the statute mandates that the homicide must be done "in a heat of passion," and, since the prosecution neither alleged "heat of passion" in the amended information, nor in the opening statement, nor presented any proof thereof throughout the trial, that he was wrongly charged. We do not agree.

◼ The precise argument which the appellant urges this Court to accept was rejected long ago in the case of *Moody v. State*, 38 Okl.Cr.App. 23, 259 P. 159 (1927), wherein this Court, in construing the identical provisions of Section 1740, Comp.Stat. 1921, the predecessor to our current statute, stated:

The better grammatical construction and the more common sense interpretation is found in the view that where an information charges a homicide without a design to effect death by means of a dangerous weapon, although not alleging it to have been done in a heat of passion, it is a charge of manslaughter in the first de-

gree. That is, the conjunctions 'and' and 'or' connect two co-ordinate clauses, and the first part of the third subdivision means, 'Homicide is manslaughter in the first degree when perpetrated without a design to effect death and in a heat of passion but in a cruel and unusual manner,' and the second part means, 'Homicide is manslaughter in the first degree ... when perpetrated without a design to effect death by means of a dangerous weapon...' This is what the information alleges, and, adopting this construction of the statute, it sufficiently charges manslaughter in the first degree.

*Moody,* is dispositive of this assignment of error, which is without merit.

◼ Appellant next contends that the trial court erred in refusing to grant a mistrial when an allegedly gruesome photograph was shown a witness. The photograph was not admitted into evidence because the State failed to make a timely submission through inadvertence, and it is thus not before us. The trial judge, however, observed the demeanor of the parties and concluded that the event was not prejudicial to the appellant. Whether or not a mistrial shall be declared is always a matter of discretion vested in the trial judge. *Hutchens v. District Court,* 423 P.2d 474 (Okl.Cr.App.1967). There is no indication that this authority was abused. This assignment of error is without merit.

◼ The appellant lastly contends that the verdict of the jury was not sustained by sufficient evidence and is contrary to the law. It is uncontested that the appellant, who had been drinking, became indignant when his son, who had just aided him in pulling his pickup truck out of a ditch, asked the appellant to go into the house and drink some coffee. Three witnesses testified that they saw the appellant shoot the deceased, and the appellant himself stated

---

1. Our statute reads in pertinent part as follows:
   Homicide is manslaughter in the first degree in the following cases:
   1. When perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor.

2. When perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon; unless it is committed under such circumstances as constitute excusable or justifiable homicide.

that the gun, although "hair triggered," would not shoot unless it was cocked first. Where the State presents a prima facie case, conflicts in the evidence are for the trier of fact. See, *Morrison v. State,* 628 P.2d 381 (Okl.Cr.App.1981). In reviewing the evidence to determine whether the State has established a prima facie case, we view the evidence in the light most favorable to the State. See, *Renfro v. State,* 607 P.2d 703 (Okl.Cr.App.1980). In the case at bar, the State clearly established a prima facie case. The jury weighed the evidence and its verdict must stand.

Accordingly, the judgment and sentence appealed from is AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.