Henry Lee BROWN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–86–244.

Court of Criminal Appeals of Oklahoma.

July 18, 1989.

Rehearing Denied Aug. 22, 1989.

Cindy Foley, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Henry Lee Brown, was tried by jury and convicted of First Degree Malice Aforethought Murder (21 O.S.Supp. 1982, § 701.7(A)) in Oklahoma County District Court, Case No. CRF–85–2529, before the Honorable Karl Gray, District Judge. He was sentenced to life imprisonment. Judgment and sentence was imposed accordingly. We affirm.

Around 9:30 a.m. on May 15, 1985, appellant walked up behind the decedent, Kenneth Williamson, who was sitting in a chair. Pulling a gun out of his pocket, appellant asked "where's my stuff?" Williamson, turning his head toward appellant, replied "don't play with that gun." Appellant then fatally shot Williamson in the neck and the upper back. Roy Golightly, a firearms examiner, testified the bullets removed from decedent were fired from appellant's .38 revolver.

Appellant testified that on the morning of the shooting he discovered the decedent had stolen from him. He suspected the decedent had stolen from him in the past, told the decedent he had had enough, and was going to call the sheriff to get the decedent and his family evicted. Appellant got his gun, test fired it once in the backyard, and then walked around to the frontyard to confront the decedent. According to appellant, the decedent called him a snitch and threatened to kill him. The men exchanged "fighting" words and, when the decedent started to get out of his chair, appellant "lost control" and shot him. Appellant said he was "almost sure" the decedent had a gun, and was in fear for his life when he shot the decedent.

## I.

### A.

Appellant first claims the trial court erred in not giving his requested instructions on heat of passion first degree manslaughter. Title 21 O.S.1981, § 711(2) provides in relevant part:

Homicide is manslaughter in the first degree in the following cases:

\*     \*     \*     \*     \*     \*

2. When perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon....

██ Appellant argues the trial court erred in modifying his requested instruction on heat of passion first degree manslaughter, which was taken verbatim from *Oklahoma Uniform Jury Instructions–Criminal* (OUJI–CR) 455 (1981), by omitting the heat of passion element in instructing on first degree misdemeanor-manslaughter. We agree.

Originally, in 1904, the Oklahoma Supreme Court construed the language now contained in Section 711(2) as follows:

[W]e are of the opinion that the clause 'and in a heat of passion' modifies not only the language 'but in a cruel and unusual manner,' but also the words 'or by means of a dangerous weapon.' To state it differently, homicide is manslaughter in the first degree when perpetrated without a design to effect death, but in a heat of passion, and in a cruel and unusual manner, or when committed without a design to effect death, but in a heat of passion, and by means of a dangerous weapon.

*Barker v. Territory,* 15 Okla. 22, 78 P. 81, 83 (1904). However, twenty-three (23) years later, the Court of Criminal Appeals adopted a different construction in *Moody v. State,* 38 Okla.Crim. 23, 259 P. 159, 160–61 (1927), stating:

If the Barker Case be followed, this case must be reversed ... [W]hile that case is persuasive and we are reluctant to give a different construction to this section of the statute, we feel constrained to do so. The better grammatical construction and the more common sense interpretation is found in the view that ... the conjunctions 'and' and 'or' connect two co-ordinate clauses, and the first part of the ... subdivision means, 'Homicide is manslaughter in the first degree * * * when perpetrated without a design to effect death and in a heat of passion but in a cruel and unusual manner,' and the second part means, 'Homicide is manslaughter in the first degree * * * when perpetrated without a design to effect death by means of a dangerous weapon....'

The *Moody* rationale was followed in *Smith v. State,* 652 P.2d 303, 304 (Okla. Crim.App.1982), which was decided on October 13, 1982. However, the *Smith* decision failed to recognize that the *Oklahoma Uniform Jury Instructions–Criminal* (OUJI–CR) No. 455 (1981), adopted by the Court of Criminal Appeals effective May 1, 1982, followed the construction enunciated in *Barker,* 78 P. at 83. The Commission that drafted the instruction expressly rejected the *Moody* holding on three grounds: (1) it usurps much of the content of 21 O.S.1981, § 716, the second degree manslaughter statute; (2) it has not been consistently adhered to under Section 716; and (3) it may run afoul of the United States Supreme Court's decision in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). *Oklahoma Uniform Jury Instructions–Criminal* (OUJI–CR) No. 455, at 101–02 (1981) (Commission Comment). For these reasons, and because we believe the view originally enunciated in *Barker,* 78 P. at 83, and adopted by The Commission on Uniform Jury Instructions (Criminal), represents the better construction of Section 711(2), we hold that the trial court erred in modifying Instruction No. 455 to omit the heat of passion element.

Thus, in all future cases, where the evidence supports an instruction on first de-

gree manslaughter under 21 O.S.1981, § 711(2), the trial court should use *Oklahoma Uniform Jury Instructions–Criminal* (OUJI–CR) No. 455 (1981). *See* 12 O.S.1981, § 577.2. Our prior decisions in *Moody v. State*, 38 Okla.Crim. 23, 259 P. 159 (1927), and *Smith v. State*, 652 P.2d 303 (Okla.Crim.App.1982), are hereby overruled to the extent they conflict with our holding.

However, while we agree the trial court erred in modifying the uniform instruction, such error was not reversible. Under Section 711(2), the heat of passion necessary to mitigate first degree murder to first degree manslaughter "Must render the mind incapable of forming a design to effect death...." *Walker v. State*, 723 P.2d 273, 284 (Okla.Crim.App.1986), *cert. denied*, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 600 (1986). *See Cantrell v. State*, 562 P.2d 527, 528 (Okla.Crim.App.1977). Most jurisdictions hold that first degree or voluntary manslaughter involves an intent to kill accompanied by the "extenuating circumstance ... that the defendant, when he killed the victim, was in a state of passion engendered in him by an adequate provocation (i.e., a provocation which would cause a reasonable man to lose his normal self-control)." W. LaFave & A. Scott, Jr., *Substantive Criminal Law* § 7.10, at 252 (1986) (footnote omitted). However, Oklahoma, like South Dakota, falls within the minority view which requires that the homicide be perpetrated "without a design to effect death" to constitute first degree or voluntary manslaughter. *Id.* at 254. *See* 21 O.S.1981, § 711(2).

Here, the evidence clearly showed appellant had a design to effect death and, therefore, he was not even entitled to an instruction on first degree manslaughter. *See Rumbo v. State*, 750 P.2d 1132, 1133 (Okla.Crim.App.1988); *Wauqua v. State*, 694 P.2d 532, 534 (Okla.Crim.App.1985). Absent evidence the homicide was perpetrated "without a design to effect death" as required by Section 711(2), we find the misdirection of the jury in the instant case does not require a new trial. *See* 20 O.S. 1981, § 3001.1. Consequently, we also find

the trial court did not err in refusing to give his requested instruction No. 23. (O.R. 28).

**B.**

██ Appellant next urges the trial court erred in refusing to give his requested instruction defining "altercation," which mirrored *Oklahoma Uniform Jury Instructions–Criminal* (OUJI–CR) No. 752 (1981). We agree. However, the word "altercation" is sufficiently self-explanatory that, on this record, we cannot say the error probably resulted in a miscarriage of justice or constituted a substantial violation of a constitutional or statutory right. *See* 20 O.S.1981, § 3001.1.

**II.**

██ Appellant next complains of numerous instances of alleged prosecutorial misconduct. Defense counsel's sole objection was made when the prosecutor used a police officer during closing argument to illustrate the position of the decedent seated in a chair when shot in the neck and back by appellant. The objection was overruled. The demonstration was based on the evidence presented at trial and, unlike the theatrical demonstrations in *Ford v. State*, 719 P.2d 457, 459–60 (Okla.Crim. App.1986), and *Brewer v. State*, 650 P.2d 54, 57 (Okla.Crim.App.1982), *cert. denied*, 459 U.S. 1150, 103 S.Ct. 794, 74 L.Ed.2d 999 (1983), we cannot say it was unfairly prejudicial. The prosecutor should avoid using the term "smoke screen" in describing an accused's defense. *See Stewart v. State*, 757 P.2d 388, 396 (Okla.Crim.App.1988); *Lewis v. State*, 569 P.2d 486, 488 (Okla. Crim.App.1977). Although a few of the comments were improper, in view of the entire record, we cannot say they were so prejudicial as to require reversal or modification. *See Stanley v. State*, 762 P.2d 946, 950 (Okla.Crim.App.1988).

**III.**

██ Lastly, appellant contends reversible error occurred when the trial court

answered a question for the jury without following 22 O.S.1981, § 894. The jury asked, "Do we assess the punishment on murder-second degree?" and the trial judge answered: "The court declines to answer your question. Read the instructions and continue your deliberations." Although defense counsel initially stated, "why don't you just say yes," he concluded "I agree that you have answered it properly." (Tr. III 43) The State concedes the trial court failed to follow the provisions in Section 894. However, absent an objection, this issue was not properly preserved for appellate review. *See Sherrick v. State*, 725 P.2d 1278, 1284 (Okla.Crim.App.1986), *cert. denied*, 479 U.S. 1057, 107 S.Ct. 935, 93 L.Ed.2d 986 (1987). In any event, we are convinced from the face of the record that no prejudice occurred to appellant. *See Fisher v. State*, 736 P.2d 1003, 1007 (Okla. Crim.App.1987), *cert. denied*, — U.S. —, 108 S.Ct. 2833, 100 L.Ed.2d 933 (1988).

The judgment and sentence is AFFIRMED.

LANE, V.P.J., and LUMPKIN, JJ., concur.

BRETT and BUSSEY, JJ., concur in result.