Jackie Eugene **HUMPHREY**, Appellant,

v.

**STATE of Oklahoma, Appellee.**

**No. F–88–57.**

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1993.

As Corrected Oct. 4, 1993.

Rehearing Denied Dec. 3, 1993.

James A. Conrady, Okmulgee, at trial Terry J. Hull, Cindy Brown, Asst. Appellate Defenders, Norman, on appeal, for appellant.

Thomas Giulioli, Dist. Atty., Beryl R. Davis, O.R. Barris, III, Asst. Dist. Attys., Okmulgee, at trial, Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, on appeal, for appellee.

### OPINION

LANE, Judge:

Jackie Eugene Humphrey, appellant, was tried by jury for Murder in the First Degree (21 O.S.1981, § 701.7) in Okmulgee County District Court, Case No. HCRF-87-5001. The State filed a Bill of Particulars seeking the death penalty. After returning a verdict of guilt, the jury assessed a death sentence.

■ Life imprisonment and death were the only sentencing options given to the jury. This was error. Under 21 O.S.Supp. 1987, § 701.10, which came into effect approximately one month prior to trial, the jury also should have been instructed on the punishment of "life without parole". This omission renders the sentencing stage fundamentally unfair and requires remand of this case to the District Court for resentencing. *Hain v. State*, 852 P.2d 744 (Okl. Cr.1993); *Salazar v. State*, 852 P.2d 729 (Okl.Cr.1993); 21 O.S.Supp.1985, § 701.13.

Remand for resentencing renders moot all challenges to the second stage of trial.[1] We will address on the merits only Proposition II in which appellant asserts the trial court erred by refusing to instruct the jury on the crime of Heat of Passion Manslaughter.

Appellant stabbed his common law wife, Bessie Phipps, to death on New Years Day in the Cuban Bar in Henryetta, Oklahoma. The common law marriage had been marked with violence apparently precipitated by his drinking and her infidelity. Upon his work release from Jess Dunn Correctional Center December 18, 1986, appellant returned home to discover his wife had taken their household goods and moved in with another man. Sometime on New Years Day, 1987 the appellant called a friend. His wife answered, and when he asked her to come home, she laughed and hung up.

Appellant later came looking for her at the friend's home, and threatened a group there with his folding Buck knife. He was told she was down the road at the Cuban Bar. Appellant took the friend's car and drove there looking for her. He burst through a back door; grabbed her by the hair; held his freshly sharpened Buck knife to her throat; and, as they fell backwards, stabbed her at least four (4) times in the abdomen and chest.

Prior to the attack he told a friend he should, "just slash that god damn bitch to pieces". After the attack he called his estranged wife a "damn whore" and said, "if she wasn't dead now [he'd] kill her next time". While escorted out of the bar by police he added, "tramp, tramp, tramp, you won't tramp no more". He asked the police officers if they would let him loose so he could "finish the job" if she wasn't dead. Ms. Phipps died in the ambulance on the way to the hospital.

■ Appellant argues the trial court erred by refusing his requested instruction

---

1. Second stage challenges include propositions III, IV, V, VI, VII, VIII, IX, X, XI and XII. Proposition I challenges the selection of a death-qualified jury under *Witherspoon v. Illinois*, 391

U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). While this is procedurally a first-stage issue, it challenges the validity of the death sentence imposed and is therefore moot.

on Heat of Passion Manslaughter. This argument might be persuasive if evidence to show the appellant was in the heat of passion were enough to warrant this instruction. It is not. To warrant this instruction, evidence must be introduced to support the theory the killing was "perpetrated without a design to effect death". 21 O.S.1981, § 711. No evidence was introduced to suggest the appellant acted without a design to effect death. The instruction was therefore properly refused. *See Brown v. State*, 777 P.2d 1355 (Okl.Cr. 1989); *compare Wood v. State*, 486 P.2d 750 (Okl.Cr.1971); *see also, Walker v. State*, 723 P.2d 273 (Okl.Cr.1986). In summary, we affirm the conviction and reverse and remand the sentence of death to the District Court for resentencing.

LUMPKIN, P.J., concurs in part/dissents in part.

JOHNSON, V.P.J., and CHAPEL, J., concur.

LUMPKIN, Presiding Judge: concurring in part/dissenting in part.

I concur in the affirmance of the murder conviction but disagree with the decision to reverse and remand for resentencing. As stated in my separate opinions to *Hain v. State*, 852 P.2d 744, 753 (Okl.Cr.1993), and *Salazar v. State*, 852 P.2d 729, 741 (Okl.Cr. 1993), the appropriate criminal penalty is the penalty in effect at the time the defendant commits the crime. Therefore, as the sentencing option of life without parole did not come into effect until after Appellant had committed the murder, he is not eligible in this case for the punishment of life without parole.