**Jackie Eugene HUMPHREYS, Petitioner,**

**v.**

**STATE of Oklahoma, Respondent.**

**No. PC–96–1410.**

Court of Criminal Appeals of Oklahoma.

Dec. 5, 1997.

Shannan Arbabi, Capital Post–Conviction Division, Oklahoma Indigent Defense System, Norman, for Petitioner.

## OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF AND REQUEST FOR AN EVIDENTIARY HEARING

STRUBHAR, Vice Presiding Judge:

Jackie Eugene Humphreys, Petitioner, was tried by jury in the District Court of Okmulgee County, Case No. CRF–87–5001, before the Honorable Anne Moroney, District Judge, and convicted of Murder in the first degree [1] for the death of Bessie Phipps. The jury found three (3) aggravating circumstances [2] and recommended death. The trial court sentenced Humphreys accordingly. Humphreys appealed his Judgment and Sentence to this Court and we affirmed his conviction for murder, but vacated the sentence of death and remanded the case for resentencing. *Humphrey v. State,* 864 P.2d 343 (Okl.Cr.1993), *cert. denied,* 511 U.S. 1077, 114 S.Ct. 1663, 128 L.Ed.2d 379 (1994). A new sentencing proceeding was conducted before the Honorable Franklin D. Rahhal. The jury again returned a sentence of death finding the same three aggravating circumstances as the original sentencing jury.[3] The trial court sentenced Humphreys to death and he appealed. This Court affirmed the Judgment and Sentence of the trial court on October 10, 1997. *Humphreys v. State,* 947 P.2d 565 (Okl.Cr.1997).

1. 21 O.S.Supp.1982, § 701.7(A).

2. [1] the defendant was previously convicted of a felony involving the use or threat of violence to the person; [2] the murder was committed by a person while serving a sentence of imprisonment on conviction of a felony; and [3] the existence of a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society. 21 O.S.1981, § 701.12(1), (6) and (7).

3. *See* Note 2, *supra.*

4. Title 22 O.S.Supp.1995, § 1089(D)(1) provides that an original application for post-conviction relief shall be filed with this Court. The recent

On August 8, 1997, Humphreys filed in this Court an original application for post-conviction relief together with a request for an evidentiary hearing.[4] The claims that may be raised, as well as our scope of review, in this matter are narrowly defined as follows:

The only issues that can be raised in post-conviction are those which were not or could not have been raised in a direct appeal and support a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent. On review, this Court must determine whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, whether the applicant's grounds were or could have been previously raised, and whether relief may be granted: . . . This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata,* nor will we consider an issue which has been waived because it could have been raised on direct appeal but was not.

*McGregor v. State,* 935 P.2d 332, 333–34 (Okl. Cr.), *cert. denied,* —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997) (footnotes omitted). Based on the foregoing precepts, we will not review the claim raised in Proposition II [5] because it is barred by *res judicata.*

In his first proposition of error, Humphreys claims he was denied his right to the effective assistance of trial counsel at his original trial because his trial attorney was deficient in the following ways: counsel failed to adequately investigate and prepare psy-

amendments to the Post–Conviction Procedure Act do not require the State to respond to the original application and no State response was filed.

5. Proposition II: The trial court's findings of fact and conclusions of law regarding the Rule 3.11 hearing are not supported by the record and are contrary to the law. This claim was raised in Humphreys' Supplemental Brief of Appellant on Remand of the Evidentiary Hearing filed May 5, 1997 and rejected on direct appeal. *Humphreys,* 947 P.2d at 577.

chological evidence to defend against the malice aforethought element of first degree murder; counsel failed to present psychological evidence to support a heat of passion manslaughter or an insanity defense; counsel failed to put sanity or competency in issue; and counsel failed to challenge the admissibility of Donna Lloyd's testimony.

Humphreys' allegation of ineffective assistance of trial counsel cannot be reviewed on the merits because he failed to show that it could not have been raised on direct appeal. 22 O.S.Supp.1995, § 1089(C)(1). As we stated in *Walker*, "ineffective assistance of trial counsel claims are properly raised and may be [reviewed on the merits] on post-conviction only if they are based upon facts which were not available to the applicant's direct appeal attorney and thus could not have been made part of the direct appeal record." *Walker v. State*, 933 P.2d 327, 332 (Okl.Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997). While some of the facts in support of this claim are not in the direct appeal record, there is no evidence these facts were not available on direct appeal. As Humphreys notes in his brief, "[n]umerous medical and psychological records existed at the time of trial that demonstrate Mr. Humphreys mental health problems since 1978." *Petitioner's Brief* at 9-10. Because Humphreys' ineffective assistance of trial counsel claim does not turn on facts unavailable at the time of his direct appeal, he has failed to meet the pre-conditions for review of his claim on the merits and therefore review of the claim is barred. *Walker*, 933 P.2d at 332.

■ In his third proposition of error, Humphreys claims he is entitled to a new trial of both stages because of the new evidence presented at the resentencing hearing and the Rule 3.11 [6] evidentiary hearing. We have reviewed such evidence and determined it would not have affected the sentence rendered. *Humphreys*, 947 P.2d at 577. Accordingly, that portion of the claim is barred by *res judicata*. Humphreys' claim that the new evidence warrants a new guilt stage trial is unpersuasive. We have reviewed the new evidence including Humphreys' mental health records and his solicitations for help and find that such evidence does not support instructions on lesser included offenses of first degree murder, i.e. first degree heat of passion manslaughter. Therefore, this proposition is denied.

■ Humphreys also requests an evidentiary hearing. Should this Court determine that controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, we may issue any orders necessary to facilitate post-conviction review. *LaFevers v. State*, 934 P.2d 356, 360 (Okl.Cr.1997). We have reviewed the materials submitted in support of his request and find that he is not entitled to an evidentiary hearing because we find no controverted, previously unresolved factual issues material to the legality of Humphreys' confinement exist. As such, Humphreys' request for an evidentiary hearing is denied. After carefully reviewing Humphreys' application for post-conviction relief and request for an evidentiary hearing, we find that Humphreys is not entitled to relief. Accordingly, Humphreys' Application for Post-Conviction Relief and Application for an Evidentiary Hearing are **DENIED.**

CHAPEL, P.J., and LUMPKIN and JOHNSON, JJ., concur.

LANE, J., concur in results.

LANE, Judge, concurring in results:

I concur in results by reason of *stare decisis*. I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State*, 942 P.2d 229, 234-35 (Okl. Cr.1997).

---

**6.** Rule 3.11, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1995, Ch. 18, App.