## John Dossett v. United States.

1. Murder—*Circumstantial Evidence.* In a prosecution based upon circumstantial evidence the several circumstances upon which the conclusion depends, must be fully established by proof    They are facts from which the main fact is to be inferred, and they are to be proved by competent evidence, and by the same weight and force of evidence, as if each one were itself the main fact in issue. (*Commonwealth v. Webster*, 5 Cushing, 295 )

2. Same—*Criminating Circumstances.* An instruction by the trial court where circumstantial evidence is relied upon by the prosecution for a conviction, that if the jury find from the evidence that all the criminating circumstances relied upon by the prosecution for a conviction will as well apply to another person as to the defendant, is erroneous.

*Appeal from the District Court of Logan County.*

On the 1st day of April, 1893, the United States grand jury within and for Logan county, returned an indictment against John Dossett, charging him with the crime of murder.    On the 18th day of August, 1893, his trial commenced before Chief Justice E. B. Green, then presiding judge of the First judicial district, and was finished on the 28th day of August, 1893, the court sitting with the powers of a United States district and circuit court.    On the date last named the jury returned a verdict of guilty, and on the same date the defendant filed his motion for a new trial.  On the 6th day of November, 1893, Hon Frank Dale, successor to Chief Justice E. B. Green, presiding as judge of the First judicial district, overruled the motion for a new trial, and on the 9th day of November, 1893, the appellant, John Dossett, was sentenced by the court to be hanged on the 8th day of January, 1894.    From this judgment Dossett appeals to this court.    Reversed.

Certain questions were presented to this court on an

application by Dossett for a writ of *habeas corpus*. That case is reported in 2 Okla. Rep. 369.

*George Gardner and A. H. Houston,* for appellant.

*C. R. Brooks, United States Attorney,* for the United States.

The opinion of the court was delivered by

SCOTT, J.:   While there are numerous assignments of error made by appellant, we think it unnecessary, in the consideration of the case, to take up any but the first, which involves the following instruction given by the trial court to the jury:

"The court instructs the jury, that when circumstances alone are relied upon by the prosecution for a conviction, the circumstances must be such as apply exclusively to the defendant, and such as are reconcilable with no other reasonable hypothesis than of the defendant's guilt; and they must satisfy the mind of the jury, beyond a reasonable doubt, of the guilt of the defendant."

"And in this case, if the jury find, from the evidence, that all the criminating circumstances relied upon by the prosecution for a conviction will as well apply to another person as to the defendant; or if they are reconcilable with any reasonable hypothesis other than that of the defendant's guilt, or if they do not satisfy the mind of the jury, beyond any reasonable doubt, of the guilt of the defendant, then he cannot be legally convicted and you must acquit him."

A consideration of this instruction will determine the case without reference to other questions involved.

This is a case of supreme concern to the defendant and the public.   If this court should affirm the judgment of the court below, the defendant would suffer the death penalty.   While this is not an unusual sentence in this country, yet the court should carefully consider whether the defendant's rights have been properly protected, and whether from the entire record it appears that the jury have been or might

have been misguided in considering the instructions of the court.

Counsel for appellant contend that the instruction above quoted is erroneous for the reason that the court instructed the jury that if "*all* of the criminating circumstances relied upon by the prosecution for a conviction will as well apply to another person as the defendant," etc., he cannot be convicted. Counsel claim that this is error for the reason that all the criminating circumstances must apply exclusively to the defendant in order to warrant a conviction, and if some of them, or any one of them, do not apply to him but to some one else, the proof is not sufficient and the appellant should have been acquitted, and further that the jury were mislead by this instruction, for under it, if any part of the criminating circumstances, or all of them but one, should apply to some other person than the defendant, it would have availed him nothing, because the court had said that *all* must apply.

We are of the opinion that the instruction, even taken in connection with all the others given, is misleading and might have misguided the jury. The courts have universally held that in order to warrant a conviction upon circumstantial evidence, each material fact must be proven by competent evidence beyond a reasonable doubt, and if there is any doubt upon a single material question, the defendant should be acquitted. If this is the law, it has been incorrectly stated in this instruction, for, under it, unless the jury could say that all the circumstances relied upon by the prosecution for a conviction could be reconciled with the defendant's innocence, the fact that a portion of them might have been so reconciled availed him nothing with the jury.

The famous case of the *Commonwealth v. Webster*,

reported in 5 Cushing 295, lays down the following doctrine:

"The several circumstances upon which the conclusion depends must be fully established by proof. They are facts from which the main fact is to be inferred; and they are to be proved by competent evidence, and by the same weight and force of evidence as if each one were itself the main fact in issue."

The case just cited has been followed by the Texas courts, and in the 10 Texas Court of Appeals, the doctrine here laid down is cited with approval at p. 565, where the lower court had given the above instruction in substance.

The supreme court of California have said in the 39th California, p. 333:

"Each essential or independent fact in the chain or series of facts relied upon to establish the main fact must be established to a moral certainty or beyond a reasonable doubt."

In the case of *People v. Anthony*, 56 California, p. 397, the court says:

"When the evidence against the defendant is made up wholly of a chain of circumstances, and there is a reasonable doubt as to one of the facts essential to establish guilt, it is the duty of the jury to acquit."

See also *Johnson v. State*, 18 Texas Apps. 385; *Scott v. State*, 19 Texas Apps. 333; 3 Greenleaf Evidence, § 30; 3 Rice p. 547; *People v. Aiken*, 66 Mich. 481.

In *Claire v. People*, 9 Colo. 123, the court instructed the jury:

"That the rule requiring the jury to be satisfied of the defendant's guilt beyond a reasonable doubt, in order to warrant a conviction, does not require that the jury should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt." * * *

The supreme court of that state in reversing the lower court says:

"The metaphor used is inaccurate, and liable to

misconstruction. It is incorrect to speak of a body of circumstantial evidence as a chain, and allude to the different circumstances as the links constituting such chain; for a chain cannot be stronger than its weakest link, and if one link fails the chain is broken. This figure of speech may perhaps be correctly applied to the ultimate and essential facts necessary to a conviction in a criminal case, since if one be omitted or be not proven beyond a reasonable doubt, an acquittal must follow.   *   *   *

"The word 'circumstantial' and the word 'fact' are frequently used interchangeably.   *   *   *   In cases where the conviction depends upon circumstantial evidence, it often happens that one or more of the ultimate or essential matters may be appropriately called circumstances; and such matters, whether spoken of as circumstances or facts, must be established by the state beyond a reasonable doubt.   *   *   * We deem it quite as reasonable to suppose that the jury misunderstood and misapplied the language used as that they comprehended its appropriate meaning and application. For this reason the judgment must be reversed.   *   *   *   To prevent reversal for error in the charge it must appear that the prisoner could not have been prejudiced thereby."

A further discussion of this proposition would seem unnecessary, although counsel for appellant discuss the question at great length in a very excellent brief which has aided the court materially in a determination thereof.

It is sufficient to say, however, in conclusion, that the jury in the case now under consideration may have thought that some of the "criminating circumstances" did not apply to the defendant, but may have been consistent and reconcilable with some other reasonable hypothesis other than that of the defendant's guilt, but, under the instruction, believed it their duty to return a verdict of guilty because of the word "all." If every material fact and circumstance surrounding the crime must be proven beyond a reasonable

doubt, and if any single material fact or circumstance remains unproven, or is consistent with any reasonable hypothesis other than the defendant's guilt, or applies to another person, then the instruction given by the court was wrong and the defendant's rights were prejudiced thereby. The judgment of the lower court will be reversed and the cause remanded for a new trial.

By the court: It is so ordered.

Dale, C. J., having passed on the motion for a new trial below, not sitting; all the other Justices concurring.