FRED HORN v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 11, 1899.)

1. MURDER—*Evidence—Sufficiency—Reasonable Doubt.* When a defendant is being prosecuted for murder, he is not required to reasonably account for all of the facts and circumstances, together with all the direct evidence in the case, relied upon by the Territory to secure a conviction, upon some theory consistent with his innocence. If there is a reasonable doubt as to his guilt, without explaining any fact or circumstance relied upon by the Territory, he should be acquitted; or, if the explanation of one or more facts raises a reasonable doubt as to his guilt, he must be acquitted, without explaining all the facts and circumstances relied upon by the Territory.

2. INSTRUCTIONS—*Presumption—Error.* A defendant is presumed to be innocent until he is proven guilty beyond a reasonable doubt; and it is error for a trial court to instruct the jury that: "The

moment you are reasonably convinced that the evidence in this case is sufficient to overcome that presumption (referring to the presumption of innocence,) it should thereafter cease to influence your mind."

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before J. C. Tarsney, District Judge.*

*John I. Dille* and *C. O. Blake,* for plaintiff in error.

*Harper S. Cunningham, Attorney General,* and *F. B. Duke, County Attorney,* for defendant in error.

Fred Horn was convicted of murder, and appeals. Reversed.

Opinion of the court by

BURWELL, J.: The appellant, Fred Horn, was indicted, with Jackson A. Coulter and H. K. Coulter, in the district court of Washita county, for the crime of murder; and appellant was granted a separate trial. A change of venue was then taken to Canadian county, and a trial had, which resulted in a verdict of guilty, and his punishment was fixed at life imprisonment in the territorial penitentiary. After judgment and sentence, he appealed to this court.

I. Error is assigned to the giving of instruction No. 10, which is as follows:

"You are further instructed that while you must be convinced of the guilt of the defendant from the evidence, beyond a reasonable doubt, in order to warrant a conviction, still the proof need not be by the direct evidence of persons who saw the offense committed. The acts constituting the crime may be proved by circumstances, or by other competent evidence than the testimony of eye-witnesses. You are instructed that circumstantial evidence is legal and competent in criminal

cases; and if it is of such a character as to exclude every reasonable hypothesis other than that the defendant is guilty, it is entitled to the same weight as direct testimony. What is meant by 'circumstantial evidence,' in criminal cases, is the proof of such facts and circumstances connected with or surrounding the commission of the crime charged as tend to show the guilt or innocence of the defendant and if these facts and circumstances are sufficient to satisfy the jury of the guilt of the defendant, beyond a reasonable doubt, then such evidence is sufficient to authorize you in finding a verdict of guilty. You are instructed, as a matter of law, that where a conviction for a criminal offense is sought upon circumstantial evidence alone, or in connection with direct testimony, the Territory must not only show, by a preponderance of evidence, that the alleged facts and circumstances are true, but they must be such facts and circumstances as, when standing alone, or taken in connection with the direct testimony presented, are absolutely incompatible, upon any reasonable hypothesis, with the innocence of the accused, and incapable of explanation, upon any reasonable hypothesis, other than that of the guilt of the defendant; and, in this case, if all the facts and circumstances, together with all the direct evidence in the case relied upon by the Territory to secure a conviction, can be reasonably accounted for upon any theory consistent with the innocence of the defendant, then the jury should acquit him."

An instruction very similar to the one above was passed upon by this court in the case of *Dosselt v. U. S.* 3 Okla. 591, 41 Pac. 608. The instruction in that case, or, rather, the latter part of the instruction, was in the following language: "And in this case, if the jury find from the evidence that all the circumstances relied upon by the prosecution for a conviction will as well apply to another person as to the defendant, or if they are reconcilable by any reasonable hypothesis other than that

of the defendant's guilt, or if they do not satisfy the mind of the jury, beyond any reasonable doubt, of the guilt of the defendant, then he cannot be legally convicted, and you must acquit him." In that case the court said: "The courts have universally held, that, in order to warrant a conviction upon circumstantial evidence, each material fact must be proven by competent evidence beyond a reasonable doubt, and, if there is any doubt upon a single material question, the defendant should be acquitted. If this is the law, it has been incorrectly stated in this instruction; for under it, unless the jury could say that all the circumstances relied upon by the prosecution for a conviction could be reconciled with the defendant's innocence, the fact that a portion of them might have been so reconciled availed him nothing with the jury,"—citing authorities. That part of the instruction which tells the jury that, "In this case, if all the facts and circumstances, together with all the direct evidence in the case, relied upon by the Territory to secure a conviction can be reasonably accounted for upon any theory consistent with the innocence of the defendant, then the jury should acquit him," was prejudicial to the defendant, for the reason that it threw upon him the necessity of reasonably accounting for "all" the facts and circumstances, together with "all" the direct evidence, relied upon by the Territory to secure a conviction, upon some theory consistent with his innocence.

The law only requires the defendant to raise a reasonable doubt as to his guilt. If he does this he should be acquitted. Again, the court by this instruction assumes that the Territory has made out its case beyond a reas-

onable doubt. This is for the jury to determine. But, even if that were true, all the defendant had to do, was to explain enough of the facts and circumstances to raise a reasonable doubt as to his guilt. If a satisfactory explanation of one of the facts or circumstances relied upon by the Territory to secure a conviction were sufficient to raise a reasonable doubt as to his guilt, he need go no further. He did not have to explain "all" the facts and circumstances proven by the Territory upon a theory consistent with his innocence. It might be said that the court had reference to any explanation that the jury could find, and not to any explanations by the defendant. That, however, would make no difference, for the jury did not have to find a reasonable explanation for "all" the facts and circumstances, in order to acquit. If any one fact or circumstance necessary to convict defendant could be reasonably accounted for by the jury upon the theory of defendant's innocence, he should have been acquitted; that is, if any one fact, proven on the trial, which was absolutely necessary to fasten the crime upon the defendant, could be reasonably explained by the jury, consistent with his innocence, in view of all the other facts and circumstances in the case, he should have been acquitted, even if the jury were unable to find a reasonable explanation, consistent with his innocence, of "all" of the other facts and circumstances proven against him.

II. Our attention is also directed to instruction No. 17, the latter part of which is as follows: "It is because men do not generally violate penal codes that the law presumes every man innocent, but some men do transgress it, and therefore evidence is received to repel that presumption. The moment that you are reasonably con-

vinced that the evidence in this case is sufficient to over-
come that presumption, it should thereafter cease to in-
fluence your mind." The jury in this instruction are ad-
vised that, "The moment you are reasonably convinced
that the evidence in this case is sufficient to overcome
that presumption, it should thereafter cease to influence
your mind." This- instruction is objectionable because
it fixes the degree of evidence necessary to overcome
the presumption of innocence too low. "Reasonably con-
vinced" is all that the instruction requires. "Reason-
ably" is defined as follows: "In a. reasonable manner;
consistently with reason; not extravagantly or excess-
ively; tolerably, moderately; in  a moderate  degree;
fairly." The language "reasonably convinced," conveys
the same meaning as "moderately convinced," "fairly.
convinced," or "convinced in a moderate degree." The
word "reasonably" restricts the meaning of the word
"convinced." so that, the moment the jury are convinced
in a moderate degree that the evidence is sufficient to
overcome the presumption of innocence, it (the presump-
tion of innocence) shall cease to thereafter control
their actions. "A defendant in a criminal action
is presumed to be innocent until the contrary
is proved, and in case of a reasonable doubt as to
whether his guilt is satisfactorily shown, he is entitled
to be acquitted." (St. Okla. 1893, Sec. 5201.)

The evidence of the first witness for the Territory
might be sufficient to "reasonably" overcome the pre-
sumption of the defendant's innocence. If so, from that
very moment during the remainder of the trial the de-
fendant would stand stripped of his legal presumption.
That would not do. Our statutes prohibit the jury from
forming or expressing an opinion until the case is finally

submitted to them for their consideration. No matter how strong the evidence may be against the defendant, the law, by reason of the presumption of the defendant's innocence, prohibits the jury from forming any opinion as to his guilt or innocence until after the case is finally submitted. In a criminal case, a defendant is presumed to be innocent until he is proven guilty, by competent evidence, beyond a reasonable doubt, and this presumption never ceases during the trial. A defendant's friends may forsake him; but the presumption of his innocence, never. It is present throughout the entire trial, and, when the jury go into their room to deliberate, the "presumption of innocence" goes in with them, protesting against the defendant's guilt. And it is only after the jury have given all the evidence in the case, a full, fair, and impartial consideration, and have been able to find, beyond a reasonable doubt, that the defendant is guilty as charged, that the presumption of innocence leaves him. The case of *Dosse.t v. U. S. supra,* is decisive of the question presented in the first instruction discussed, and we think that the last one considered is also prejudicial to the rights of the defendant, in that it fails to exact from the jury due regard for the presumption of the defendant's innocence.

For the reasons herein stated, the judgment and sentence of the trial court are hereby reversed, vacated, and set aside, and a new trial granted; and the warden of the territorial penitentiary at Lansing, Kan., or any other person who may have the defendant in charge, on presentation of a copy of this opinion, duly certified by the clerk of this court, by the sheriff of Canadian county, is hereby directed to deliver the body of said Fred Horn

to him, the said sheriff aforesaid, who shall confine said
defendant in the common jail of Canadian county, there
to await another trial, unless otherwise discharged ac-
cording to law.

Tarsney, J., having presided in the court below, and
Burford, C. J., not sitting; all the other Justices con-
curring.