Jose Flores FLORES, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-93-977.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1995.

Rehearing Denied June 27, 1995.

Ron Wallace, Tulsa, for appellant at trial and Paula J. Alfred, Tulsa County Public Defenders Office, Tulsa, on appeal, for appellant.

Sarah Smith, Tulsa, for the State at trial, and Susan Brimer Loving, Atty. Gen. of Oklahoma and Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, for the State on appeal.

## OPINION

STRUBHAR, Judge:

Appellant, Jose Flores Flores, was tried by jury and convicted of Murder in the first degree in violation of 21 O.S.1991, § 701.7(A), in Case No. CF–92–4472 in the District Court of Tulsa County, the Honorable Clifford E. Hopper, District Judge presiding. The jury recommended punishment of life without parole and the trial court sentenced Appellant accordingly. From this judgment and sentence Appellant perfected his appeal to this Court.

Appellant raises seven propositions of error. Because we find the trial court erroneously instructed the jury resulting in a denial of Appellant's constitutional and statutory rights, a new trial must be conducted. Insomuch as this case must be REVERSED and REMANDED for a new trial, we deem a recitation of the facts unnecessary.

## A. PRESUMPTION OF INNOCENCE

Appellant argues in his fourth proposition of error that the trial court committed reversible error in administering a modified version of Oklahoma Uniform Jury Instruction–Criminal No. 903 (hereinafter OUJI–

CR).[1] The instruction administered read as follows:

You are instructed that the defendant is presumed to be not guilty of the crime charged against him in the Information unless his guilt is established by evidence beyond a reasonable doubt and that presumption of being not guilty continues with the defendant unless every material allegation of the Information is proven by evidence beyond a reasonable doubt. *See* Instruction No. 2 (O.R. at 44).

Appellant complains the trial court's instruction not only deviates from OUJI–CR–903, but also violates 12 O.S.1991, § 577.2[2], dilutes the presumption of innocence and diminishes the State's burden of proving him guilty beyond a reasonable doubt. He argues the instruction also fails to advise the jury that the presumption of innocence remains until the jury is convinced of guilt. The State contends because Appellant failed to object or submit any written instructions, any error in the instruction is waived. *Rowell v. State*, 699 P.2d 651, 653 (Okl.Cr.1985). The State further maintains no error occurred because the instructions as a whole fairly and accurately state the applicable law. *Davis v. State*, 763 P.2d 109, 111 (Okl.Cr. 1988), *cert. denied*, 489 U.S. 1055, 109 S.Ct. 1319, 103 L.Ed.2d 588 (1989). Because Appellant failed to object and submit alternative instructions, our review is limited to plain error. *Simpson v. State*, 876 P.2d 690, 693 (Okl.Cr.1994); 12 O.S.1991, § 2104.

In *Fontenot v. State*, 881 P.2d 69, 84 (Okl.Cr.1994), we reiterated our rule that when a jury must be instructed on a certain subject, the relevant uniform instruction "shall be used unless the [trial] court determines that it does not accurately state the law." *See also, Perez v. State*, 798 P.2d 639, 641 (Okl.Cr.1990). However, deviation from the uniform instructions does not require automatic reversal. *Fontenot*, 881 P.2d at 84. We review the instructions to determine whether the instruction at issue fairly and accurately states the applicable law. *Id.* Even when error is committed, reversal is not required unless such error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. *Fontenot*, 881 P.2d at 85, *quoting Brown v. State*, 777 P.2d 1355, 1358 (Okl.Cr. 1989), *citing* 20 O.S.1991, § 3001.1.

Because OUJI–CR–903 correctly sets forth the presumption of innocence and 12 O.S. 1991, § 577.2 requires trial courts to administer the uniform instructions, we find it was error to deviate from OUJI–CR–903. We must now determine whether the error is harmless beyond a reasonable doubt or goes to the foundation of the case constituting a substantial violation of a constitutional or statutory right. *Fontenot*, 881 P.2d at 85; *Simpson*, 876 P.2d at 693; 20 O.S.1991, § 3001.1; *Chapman v. California*, 386 U.S. 18, 21–22, 87 S.Ct. 824, 826–27, 17 L.Ed.2d 705 (1967).

The presumption of innocence until proven guilty is a right guaranteed by statute. *Miller v. State*, 3 Okl.Cr. 374, 106 P. 538 (1910); 22 O.S.1991, § 836.[3] "It is a positive legal right appertaining to every accused person, whether guilty or innocent, that he shall not be condemned for a criminal offense in a judicial trial until and unless the evidence produced against him shall be legally sufficient to prove his guilt beyond a reasonable

---

1. OUJI–CR–903 provides:

    The defendant(s) [is] [are] presumed innocent of the crime(s), and the presumption continues unless after consideration of all the evidence you are convinced of [his] [her] guilt beyond a reasonable doubt. The State has the burden of presenting the evidence that establishes guilt beyond a reasonable doubt. The defendant(s) must be found not guilty unless the State produces evidence which convinces you beyond a reasonable doubt of each element of the crime(s).

2. 12 O.S.1991, § 577.2 provides in pertinent part:

    Whenever Oklahoma Uniform Jury Instructions (OUJI) contains an instruction applicable in a civil or a criminal case, giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, the OUJI instructions shall be used unless the court determines that it does not accurately state the law.

3. Title 22 O.S.1991, § 836 provides:

    A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted.

doubt." *Miller*, 106 P. at 539. "The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). Courts must be ever mindful of factors that may undermine the fairness of the trial process. *Id.* Further, courts must be vigilant to avoid the dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt. *Id.*

■ "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of our criminal law." *Coffin v. United States*, 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481 (1895)[4]. This principle is so ingrained in our jurisprudence it caused Judge Furman to write, "it is said that the presumption of innocence has been classed as one of the two 'great cardinal maxims, which may be said to be written on the portals of every criminal court, and to hang over an accused like an aegis of protection from the moment he is placed at its bar for trial'." *Miller*, 106 P. at 539, *quoting Hampton v. State*, 1 Tex.Crim. 652, 659-60 (1877). Judge Furman further summed up the importance of the presumption of innocence quoting Justice Burwell in *Horn v. Territory*, 8 Okl. 52, 56 P. 846, 848 (1899)[5]:

A defendant's friends may forsake him, but the presumption of innocence, never. It is present throughout the entire trial; and, when the jury go to their room to deliberate, the "presumption of innocence" goes in

with them, protesting against the defendant's guilt. And it is only after the jury has given all the evidence in the case a full, fair, and impartial consideration, and have been able to find beyond a reasonable doubt that the defendant is guilty as charged, that the presumption of innocence leaves him.

*Miller*, 106 P. at 539.

■ Early on this Court addressed the propriety of an instruction on the presumption of innocence. *Jenkins v. State*, 11 Okl. Cr. 168, 145 P. 500 (1914). We held an instruction on the presumption of innocence "should always be given."[6] *Id.* at 501. The presumption of innocence is "merely another form of expression for a part of the accepted rule for the burden of proof in criminal cases." *Culpepper v. State*, 4 Okl.Cr. 103, 111 P. 679, 680-81 (1910). The presumption of innocence fixes the burden of proof and designates that the duty rests upon the State to produce evidence and to effect persuasion beyond a reasonable doubt before the jury is authorized to convict. *Cochran v. State*, 4 Okl.Cr. 393, 114 P. 747, 748 (1910). We continue to adhere to the wisdom of our founding jurists and believe that 22 O.S.1991, § 836 requires trial courts to instruct the jury on the presumption of innocence in every criminal case.

■ The actual impact of the instruction in the instant case on the judgment of the jurors is difficult to determine. We are cognizant that an instruction on the presumption of innocence is not constitutionally required in every case and each case must be considered on its particular facts. *Kentucky v.*

---

**4.** The *Coffin* court held the presumption of innocence and the equally fundamental principle that the prosecution bears the burden of proof beyond a reasonable doubt were logically separate and distinct. *Coffin*, 156 U.S. at 458–61, 15 S.Ct. at 404–06. This conclusion was the subject of sharp criticism. J. Thayer, A Preliminary Treatise on Evidence 551–576 (1898); 9 J. Wigmore, Evidence § 2511 (3d ed 1940); C. McCormick, Evidence 805–806 (2d ed 1972). In *Agnew v. United States*, 165 U.S. 36, 51–52, 17 S.Ct. 235, 241–42, 41 L.Ed. 624 (1897), the Court retreated from its conclusion that the presumption of innocence is evidence to be weighed by the jury. *See, Taylor v. Kentucky*, 436 U.S. 478, 483 n. 12, 98 S.Ct. 1930, 1934 n. 12, 56 L.Ed.2d 468 (1978).

**5.** In citing *Horn*, we are aware that this Court has rejected the *Horn* principle that the presumption of innocence constitutes evidence to be weighed by the jury. *See, Culpepper v. State*, 4 Okl.Cr. 103, 111 P. 679, 686 (1910).

**6.** The *Jenkins* court held it would not reverse a conviction for failure to instruct on the presumption of innocence when the jury was fully instructed on the burden of proof, the failure to instruct was an oversight, counsel failed to object and no injury resulted to the accused. *Jenkins*, 145 P. at 501.

*Whorton,* 441 U.S. 786, 789, 99 S.Ct. 2088, 2089–90, 60 L.Ed.2d 640, 643 (1979); *Taylor v. Kentucky,* 436 U.S. 478, 485, 98 S.Ct. 1930, 1934, 56 L.Ed.2d 468, 475 (1978); *Jenkins,* 145 P. at 501. However, when the trial court embarks to instruct the jury on a point of law, it cannot be doubted that the instruction must be accurate.[7] *Mahorney v. Wallman,* 917 F.2d 469, 473 (10th Cir.1990). As the *Mahorney* court noted in reviewing improper statements made by a prosecutor concerning the presumption of innocence, "[a] misstatement of law that affirmatively negates a constitutional right or principle is often ... a more serious infringement than the mere omission of a requested instruction." *Mahorney,* 917 F.2d at 473.

■ In the instant case the jury was instructed that Appellant was presumed to be not guilty rather than presumed innocent. The instruction obfuscates the presumption of innocence. "[T]he presumption of innocence 'cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced'." *Taylor v. Kentucky,* 436 U.S. 478, 485, 98 S.Ct. 1930, 1934, 56 L.Ed.2d 468 (1978), quoting, 9 J. Wigmore, Evidence § 2511, p. 407 (3d ed 1940); *Miller,* 106 P. at 539. The presumption of innocence commands the jury to start their deliberations from the premise there exists an absence of guilt while the presumption of not guilty conveys there exists an absence of sufficient proof of guilt. While the distinction is subtle, we find it amounts to an impermissible lessening of the burden of proof by expanding the degree of doubt that is permissible. Such error was not cured by any other instructions specifically, an appropriate burden of proof instruction. *See,* Part B, infra. Instruction No. 2 conveys to the minds of the jury an erroneous impression, in that it may be construed as varying the rule of law. Further, it imparts a qualification of

the meaning, scope, manifest design and operation of the legal presumption of innocence.

The term presumed innocent has a self-evident meaning comprehensible to the lay juror. The meaning is hardly susceptible to improvement by judicial efforts. Instead of improvement, the most likely outcome of alterations of OUJI–CR–903 is unnecessary confusion and a constitutionally impermissible lessening of the required standard of proof. To protect the accused's constitutional and statutory rights and avoid supplying the grounds for otherwise unnecessary challenges, the wisest course for trial courts to take is to avoid altering OUJI–CR–903. As we stated in *Johnson v. State,* 841 P.2d 595, 596 (Okl.Cr.1992), "[w]ords do have specific meaning and must be used properly, especially with 'Jury Instructions'." This Court abhors a retrial due to instruction errors which can be easily avoided. However, in the administration of criminal justice, it is our duty to carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt. *Estelle v. Williams,* 425 U.S. at 503, 96 S.Ct. at 1692–93. Accordingly, we find the presumption was so undermined by the instruction given that the constitutional and statutory protection ordinarily afforded thereunder was effectively denied.

## B. BURDEN OF PROOF

■ Appellant argues in his third proposition of error that the trial court committed reversible error in administering a modified version of OUJI–CR–109. The instruction administered read as follows:

> You are instructed that the burden of proof in this case is upon the State to establish by evidence, beyond a reasonable doubt, all the material allegations contained in the Information and unless the State has met it's (sic) duty in this respect, you cannot find the defendant guilty, but

7. Our research has uncovered only one other jurisdiction administering an instruction on the presumption of "not guilty". In *City of Bucyrus v. Fawley,* 50 Ohio App.3d 25, 552 N.E.2d 676 (1988), the court held, after evaluating the instruction in light of the totality of the circumstances, the "instruction was sufficient to satisfy

*Taylor v. Kentucky,* supra, as limited by *Kentucky v. Whorton,* supra." The Ohio court's reliance on *Taylor* and *Whorton* is misplaced insofar as those cases address the issue of failure to give a presumption of innocence instruction rather than an erroneous instruction.

must acquit him. *See,* Instruction No. 1 (O.R. at 44).

Appellant again complains the trial court's instruction impermissibly deviates from the uniform instruction[8], violates 12 O.S.1991, § 577.2 and due process of law.

The jury in the instant case was instructed that the State must prove "all the material allegations contained in the Information" beyond a reasonable doubt rather than the State must prove specific elements beyond a reasonable doubt. In *Sullivan v. Louisiana,* —— U.S. ——, 113 S.Ct. 2078, 2080, 124 L.Ed.2d 182 (1993), the Supreme Court stated, "[w]hat the factfinder must determine to return a verdict of guilty is prescribed by the Due Process Clause." It is the prosecution's burden to prove all elements of the offense charged, see, e.g., *Sullivan,* —— U.S. at ——, 113 S.Ct. at 2080; *Patterson v. New York,* 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977); *Leland v. Oregon,* 343 U.S. 790, 795, 72 S.Ct. 1002, 1005, 96 L.Ed. 1302 (1952), and to persuade the factfinder "beyond a reasonable doubt" of the facts necessary to establish each of those elements, see, e.g., *Sullivan,* —— U.S. at ——, 113 S.Ct. at 2080; *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); *Cool v. United States,* 409 U.S. 100, 104, 93 S.Ct. 354, 357, 34 L.Ed.2d 335 (1972) (per curiam).

Although this instruction is not as troubling as the presumption of innocence instruction administered in this case, it may be confusing. Therefore, we again hold the uniform instructions be utilized by the district courts to avoid confusion and error.

The Judgment and Sentence of the District Court is **REVERSED** and **REMANDED** for a new trial.

JOHNSON, P.J., and CHAPEL, V.P.J., and LANE, J., concur.

LUMPKIN, J., concurs in result.

LUMPKIN, Judge, concurring in result.

While I agree the case must be reversed, I write to correct one point in the Court's reasoning, and to specifically delineate the factors used in determining reversal is necessary.

The error in the Court's analysis lies in its review to determine whether "the error is harmless beyond a reasonable doubt." Slip op. at 4. This is incorrect. Although there is no doubt the presumption of innocence is deeply ingrained in our system of justice, we need not resort to vague pronouncements in our jurisprudence to find its origin; it is reflected in 22 O.S.1991, § 836,[1] and has been since before statehood. As the Court correctly states, the presumption of innocence is "not articulated in the Constitution" and the decision in this case is based on a violation of a "right guaranteed by statute, [22 O.S.1991, § 836]".

Consequently, the correct standard of review is not whether the error is harmless beyond a reasonable doubt, but whether we have "grave doubts" the error in instructing the jury did not have a "substantial influence" on the outcome of the trial. *Simpson v. State,* 876 P.2d 690, 702 (Okl.Cr.1994).

The Court's opinion also does not specifically state how it arrived at its decision that reversal was warranted. I would use the factors enunciated by the United States Supreme Court in *Kentucky v. Whorton,* 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979). There, the Court said the failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution; rather,

"such a failure must be evaluated in light of the totality of the circumstances—including all the instructions to the jury, the arguments of counsel, whether the weight

---

8. OUJI–CR 109 provides:
   The defendant(s) [has] [have] pled not guilty. A plea of not guilty puts in issue each element of the crime with which the defendant(s) [is] [are] charged. A plea of not guilty requires the State to prove each element of the crime beyond a reasonable doubt.

1. That provision reads: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted."

of the evidence was overwhelming, and other relevant factors—to determine whether the defendant received a constitutionally fair trial."

*Id.* 441 U.S. at 789, 99 S.Ct. at 2090. This is the standard this Court used in the past. *See Hyatt v. State,* 779 P.2d 993, 995 (Okl.Cr. 1989) (used factors to determine failure to give instruction on presumption of innocence was harmless error). Absent abandonment of that standard for review, we are bound to it by stare decisis.

Here, as the opinion notes, the error in instruction was not cured by an appropriate burden of proof instruction; hence, I consider it decisive that in light of all the instructions given, the erroneous instruction given did in fact constitute an impermissible lessening of the burden of proof "by expanding the degree of doubt that is permissible." Op. at 562.

In light of the instructions given, some inappropriate comments by the prosecutor, the sufficient but not overwhelming evidence of guilt and the particular circumstances of this case, I agree reversal is warranted, I am not certain "the error did not influence the jury, or had a very slight effect" on the verdict. *Simpson,* 876 P.2d at 702. It is because of these "grave doubts," *Id.,* that I concur in result.