Billy Leon CAREY, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. C–94–533.

Court of Criminal Appeals of Oklahoma.

Sept. 15, 1995.

## ORDER GRANTING CERTIORARI

Petitioner, Billy Leon Carey, was charged by Information with two counts of Sexual Abuse of a Minor Child After Former Conviction of a Felony in Case No. CF–93–4332 in the District Court of Tulsa County, the Honorable Clifford E. Hopper presiding. The case came on for jury trial on April 18, 1994. At the beginning of the trial, defense counsel announced a plea bargain had been reached. The plea bargain was (1) a dismissal of the second count with costs for that count assessed to the Petitioner; (2) Petitioner's plea of guilty to the first count for ten years imprisonment plus fines and costs; and (3) the enhanced punishment page, or "page two," of the Information would remain in the record. After a plea colloquy, the trial court accepted the plea bargain and pronounced Petitioner guilty of one count of Sexual Abuse of a Minor Child and sentenced him to ten (10) years imprisonment and a five hundred dollar ($500.00) fine.[1]

Petitioner filed a Motion to Withdraw Plea of Guilty on April 27, 1994. An evidentiary hearing on the motion was held on May 4 and 6, 1994. The district court overruled the motion. Petitioner raises four propositions of error. We find merit in his final two propositions, which we address below.

Judge Hopper instructed Petitioner during his plea colloquy that he was presumed to be "not guilty" of the offense, and this "presumption of being not guilty remains with you throughout all proceedings until or unless the State is able to come forward [and] convince twelve jurors beyond a reasonable doubt that you did in fact commit the crime." In *King v. State*, 553 P.2d 529, 535 (Okl.Cr. 1976) the Court stated that the trial court, *inter alia*, shall do the following when advising the defendant of the nature and consequences of a plea of guilty:

B. Advise the defendant ... that he is presumed under the law to be innocent of the crime charged in the Information or

any lesser included crime therein, and that he has the right to enter his plea of not guilty *and in doing so to exercise all of said enumerated rights in his behalf ...* (emphasis added).

■ In *Flores v. State*, 896 P.2d 558, 562 (Okl.Cr.1995), *reh'g. denied*, 899 P.2d 1162 (1995) we reversed a conviction on the grounds that the trial court had given the jury an instruction that the defendant was presumed to be "not guilty," rather than presumed to be innocent according to the applicable Uniform Jury Instruction. *See* OUJI–CR 903. We distinguish *Flores* from the present case because *Flores* dealt with an incorrect instruction to a jury, whereas the present case deals with the situation where the trial court gave an incorrect advisement to a defendant making a plea of guilty. The trial court committed error under *King*. At a hearing on a guilty plea, such an error, standing alone, may be harmless in some circumstances. Petitioner was represented by counsel at the hearing. The trial court correctly advised Petitioner that the State had to convince twelve jurors beyond a reasonable doubt that he did in fact commit the crime for which he was charged. Petitioner gave a sufficient factual basis to support the guilty plea. The trial court's incorrect advisement on the presumption of innocence is therefore harmless.

■ However, we cannot say that the error Petitioner raises in his next proposition of error is harmless. Petitioner alleges that the trial court created a conflict of interest that deprived him of his Sixth Amendment right to effective assistance of counsel at the evidentiary hearing on the motion to withdraw his guilty plea. A criminal defendant is entitled to effective assistance of counsel at a hearing on a motion to withdraw a guilty plea. *Randall v. State*, 861 P.2d 314, 316 (Okl.Cr.1993). Okl. Const. art. II, § 20; U.S. Const. amend. VI. Petitioner contends that his Sixth Amendment right to effective assistance of counsel at the evidentiary hearing

1. The trial court also assessed a two hundred fifty dollar ($250.00) Victim's Compensation Assessment.

was violated because of an actual conflict of interest between his attorney and himself.

In the present case, Petitioner filed a *pro se* motion to withdraw his guilty plea. This motion alleged that Mr. David Iski, his appointed counsel, coerced Petitioner into pleading guilty. Iski moved to withdraw from representing Petitioner. The trial court overruled the withdrawal motion and told Mr. Iski on the record in the presence of Petitioner:

> **THE COURT:** I'm not allowing you to withdraw as attorney of record until I hear evidence that convinces me you've committed the acts he's accused you of committing. If you've committed those acts he accuses you of then you shouldn't be practicing law in this court. If you have not committed those acts that he's accused you of, then he should be punished for the accusation so I'll deny your request and appoint co-counsel, Mr. Barnes, to sit in with you.

Mr. Barnes took no part in the proceedings. The record from the evidentiary hearing shows that Mr. Iski's direct examination of Petitioner was oriented to protect Mr. Iski's interests in saving his right to practice law in Judge Hopper's court, rather than to establish that Mr. Iski in fact committed the acts and omissions that are set forth in Petitioner's affidavit accompanying his motion to withdraw the guilty plea.

■ The right to effective assistance of counsel includes the correlative right to representation that is free from conflicts of interest. *Wood v. Georgia,* 450 U.S. 261, 271, 101 S.Ct. 1097, 1103, 67 L.Ed.2d 220 (1981). Rule 1.7(b) *Rules of Professional Conduct,* 5 O.S.1991, Ch. 1, App. 3–A, states in relevant part:

> (b) A lawyer shall not represent a client if the representation of that client may be materially limited *by the lawyer's own interests,* unless:
>
> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>
> (2) the client consents after consultation. . . .

(emphasis added).

■ Mr. Iski believed that his representation of Petitioner was in conflict with his own interests; hence, he moved to withdraw. The trial court's denial of the motion was reversible error. We find an actual conflict of interest existed between Mr. Iski and Petitioner during the evidentiary hearing on the motion to withdraw the guilty plea.

■ To prevail on an ineffective assistance of counsel claim based on a conflict of interest, a defendant who raised no objection at trial or a hearing on a motion to withdraw a guilty plea need not show prejudice, but "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 349, 100 S.Ct. 1708, 1718–19, 64 L.Ed.2d 333 (1980); *Allen v. State,* 874 P.2d 60, 63 (Okl. Cr.1994). Petitioner's interests at the evidentiary hearing were to testify against his lawyer to establish that his guilty plea was given involuntarily. Petitioner testified upon the trial court's own inquiry that Mr. Iski tried to coerce him into pleading guilty. During the evidentiary hearing, Petitioner had no attorney taking part in promoting his interests which were in actual conflict with the interests of Mr. Iski. An attorney representing Petitioner's interests would have placed Mr. Iski under cross-examination. Petitioner's own appointed defense counsel acted as his adversary. The trial court erred when it forced Mr. Iski to proceed in representing Petitioner against his own interests. We find Petitioner's Sixth Amendment right to effective assistance of counsel was violated at the evidentiary hearing on his motion to withdraw the guilty plea.

Additionally, we deny at this time Petitioner's request that this Court disqualify Judge Hopper. Upon remand, if Petitioner deems that Judge Hopper's disqualification is necessary, then he should follow the statutory procedure. *See* 20 O.S.1991, § 1403.

Motion to disqualify is **DENIED.** Petitioner's Petition for a Writ of Certiorari is **GRANTED** and cause **REMANDED** to the trial court for a proper hearing on the motion to withdraw plea in a manner not inconsistent with this Order.

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Judge