74 F.3d 1248
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steve Joe BROWN, Petitioner-Appellant,
v.
Dan REYNOLDS, Warden; Attorney General of the State of
Oklahoma, Respondent-Appellee.
 No. 95-5011.
 United States Court of Appeals, Tenth Circuit.
 Jan. 10, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Steve Joe Brown appeals the trial court's denial of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. 2253, and affirm.
 
 
 3
 As grounds for relief, petitioner raises three issues which were presented to the district court, and an additional issue which is presented for the first time to this court. We address the new issue first.
 
 
 4
 Petitioner contends that the Oklahoma trial court incorrectly instructed the jury concerning the presumption of innocence in his case. He relies on Flores v. State, 896 P.2d 558 (Okla.Crim.App.1995), cert. denied, 116 S.Ct. 548 (1995), a case decided after the district court denied his petition herein. We do not consider the merits of this issue, which is presented for the first time on appeal. See Oyler v. Allenbrand, 23 F.3d 292, 299 n. 8 (10th Cir.), cert. denied, 115 S.Ct. 278 (1994). We note also that petitioner has failed to exhaust his state remedies by presenting this issue to the Oklahoma courts. 28 U.S.C. 2254(b); Coleman v. Thompson, 501 U.S. 722, 731 (1991).
 
 
 5
 Petitioner also presents three issues which were presented to the district court: that the "isomer defense" applies to his case; that the prosecutor improperly commented that petitioner was under the influence of drugs at the time of his arrest; and that testimony concerning petitioner's involvement in a prior drug transaction was improperly admitted at trial. Having examined the record on appeal and reviewed, de novo, the legal conclusions of the district court, we affirm the order of the district court denying the petition for habeas corpus as to these issues for substantially the same reasons as those relied on by that court in reaching its decision.
 
 
 6
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470