**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

COSTON LINCOLN MOORE,

     Petitioner - Appellant,

vs.

STEVE HARGETT,

     Respondent - Appellant.

No. 00-5058
(D.C. No. 97-CV-273-K)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Coston Lincoln Moore, an inmate appearing pro se, seeks to appeal from

the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Upon consideration, we conclude that petitioner has not made "a substantial

showing of the denial of a constitutional right," and we deny his application for a

certificate of appealability. 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel,

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

120 S. Ct. 1595, 1603-04 (2000).

Background

In 1990, Mr. Moore was convicted of manslaughter in the first degree (Count I), five counts of assault and battery with a dangerous weapon (Counts II - VI), and one count of maiming (Count VII). The charges arose out of a single incident in which Mr. Moore drove his car through the wall of an apartment, killing one occupant and injuring five others. One of the occupants, a seventeen-year-old girl, was severely injured when the car struck the back of her right leg, nearly amputating the limb. Tr. at 202, 207-08. Following the jury's recommendations, the trial court sentenced Mr. Moore to seven consecutive terms: thirty years for Count I, no less than twenty years each for Counts II through VI, and twenty-five years for Count VII. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Mr. Moore's conviction and sentences. His application for state post-conviction relief was denied, and the OCCA again affirmed on appeal. In 1997, he filed the present petition in federal court; the district court dismissed the petition and denied a certificate of appealability.

Mr. Moore raises three arguments in his application to this court. First, he argues that Flores v. State, 896 P.2d 558, 562 (Okla. Crim App. 1995), requires that his conviction be reversed on the basis of the trial court's instruction that the

defendant was "presumed to be not guilty" rather than "presumed innocent."
Aplt. Br. at 18. Second, he asserts that his "Trial and Appellate Counsel were
both ineffective . . . for failure to conduct an adequate legal research investigation
of 'presumed to be not guilty.'" Id. at 19. Finally, Mr. Moore argues that he was
improperly punished seven times for a single act. Id. at 2.

## Discussion

Under Oklahoma law, the defendant waives all claims that could have been
-- but were not -- raised on direct appeal. Okla. Stat. tit. 22, § 1086; e.g.,
Slaughter v. State, 969 P.2d 990, 999 (Okla. Crim. App. 1998). Mr. Moore did
not object to the trial court's "presumed to be not guilty" instruction, nor did he
challenge the instruction on direct appeal. Accordingly, when the OCCA
affirmed the lower court's denial of Mr. Moore's application for post-conviction
relief, the court held that Mr. Moore had "waived and bypassed the right to assert
the issue and it may not be the basis of this post-conviction application." Moore
v. Oklahoma, No. PC 96-1500, slip op. at 3 (Okla. Crim. App. Feb. 18, 1997).
The doctrine of procedural default prohibits a federal court, on habeas review,
from considering claims which the state's highest court declined to reach because
of an adequate and independent state procedural defect, unless the habeas
petitioner can meet the "cause and prejudice" standard set forth by the Supreme

Court in Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Mr. Moore appears to argue that because Flores established a new rule in 1995, he could not have objected to the trial court's instruction in 1990. This argument arises under state law. See Walker v. State, 933 P.2d 327, 338 (Okla. Crim. App. 1997) (holding that "Flores simply reiterated and enforced long standing case law and statutory rules" and that a pre-Flores failure to challenge a "presumed not guilty" instruction was waiver). It is therefore an inadequate basis for federal habeas relief. 28 U.S.C. § 2254(d).

Mr. Moore then asserts that his trial and appellate counsels' failure to conduct adequate legal research regarding the "presumed to be not guilty" instruction was constitutionally deficient under Strickland v. Washington, 466 U.S. 668, 687 (1984), and that he was thereby prejudiced. We recently considered and rejected an identical argument in Sherrill v. Hargett, 184 F.3d 1172, 1175-76 (10th Cir.), cert. denied, 528 U.S. 1009 (1999). Although an ineffective assistance of counsel claim, if meritorious, is "cause" excusing procedural default, United States v. Cox, 83 F.3d 336, 341 (10th Cir. 1996), the district court properly concluded that Mr. Moore's ineffective assistance of appellate counsel claim was without merit. Moore v. Hargett, No. 97-CV-273-K, slip op. at 13-14 (N.D. Okla. Mar. 31, 2000) (Doc. 19). "[I]t was reasonable for petitioner's appellate counsel to rely on the general principle that an instruction using the

particular phrase 'presumption of innocence' is not required" to preserve his constitutional rights.  <u>Sherrill</u>, 184 F.3d at 1176.  Given that Mr. Moore had different trial and appellate counsel, however, we affirm the district court's conclusion that Petitioner's ineffective assistance of <u>trial</u> counsel claim is barred by procedural default.  Doc. 19 at 14-18.

Third, Mr. Moore asserts that he was improperly punished seven times for a single act.  Aplt. Br.  at 19.5.[1]  The OCCA rejected this claim on the merits in Mr. Moore's direct appeal.  <u>Moore v. Oklahoma</u>, No. CF 90-1098, slip op. at 10-11 (Okla. Crim. App. Feb. 28, 1994).  In his brief to this court, Mr. Moore relies primarily on state authority, including a lengthy quote from a dissenting opinion in an unidentified case.  Aplt. Br.  at 19.5-.6.  Although the quote includes a number of citations to federal double jeopardy cases, none of those cases indicates that the OCCA's state law-based rejection of the multiple punishments argument "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  We therefore reject this claim as well.

---

[1] Mr. Moore's brief includes several inserted pages, including six between pages 19 and 20.

Mr. Moore's application for a certificate of appealability is DENIED and the appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge