**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSEPH EDMOND DE YONGHE,

Petitioner-Appellant,

v.

H.N. "SONNY" SCOTT, Warden,

Respondent-Appellee.

No. 97-5062
(D.C. No. 96-CV-1018-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-Appellant Joseph Edmond de Yonghe appeals from the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction, see 28 U.S.C. § 1291, and affirm.

Mr. de Yonghe filed his petition in district court after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). We must therefore consider whether he is entitled to a certificate of appealability (COA). See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), cert. denied, ___U.S.___, 1998 WL 86544 (U.S. Mar. 30, 1998) (No. 97-8055). We may issue Mr. de Yonghe a COA only if he has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this standard if he shows that his issues "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997). We conclude that Mr. de Yonghe's issues meet this standard, and will be considered on appeal.

The district court found that all the claims raised in this appeal were procedurally barred. It relied upon the decision of the Oklahoma Court of Criminal Appeals which denied Mr. de Yonghe's second application for post-conviction relief. We review de novo whether a defendant's claims are procedurally barred. See Ballinger v. Kerby, 3 F.3d 1371, 1373 (10th Cir. 1993).

The district court concluded that the Court of Criminal Appeals barred Mr. de Yonghe's claims because of the untimeliness of his first application for state post-conviction relief. We disagree with the district court's interpretation of the Court of Criminal Appeals's decision. While the Oklahoma court noted the untimeliness of the first application, it did not adopt that rationale to impose a procedural bar. Accordingly, neither can we. See Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995) (noting that state procedural bar, to be effective, must be the actual and exclusive basis for the state court's holding). The Oklahoma court did apply procedural bar on a different basis, however, and we now consider whether that basis provides an independent and adequate state ground for barring Mr. de Yonghe's claims.

In its order denying Mr. de Yonghe's second application for post-conviction relief, the Court of Criminal Appeals considered three claims now presented in this appeal: (1) that improper jury instructions were presented at his trial; (2) that his trial counsel was ineffective for failing to object to these instructions; and (3) that his appellate counsel was ineffective for failing to attack the instructions in his direct appeal. The court concluded that Mr. de Yonghe's first claim, concerning jury instructions, was barred because he could have raised it on direct appeal. This rationale provides an independent and adequate state procedural ground for barring Mr. de Yonghe's jury instruction claim.

Mr. de Yonghe contends, however, that the procedural bar should be excused because failure to consider his claims in federal court will result in a fundamental miscarriage of justice.[1] See Coleman v. Thompson, 501 U.S. 722, 750 (1991). To come within this very narrow exception, he must make a colorable showing of factual innocence.[2] See id. Factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). Having reviewed the entire transcript of his state court trial, we conclude that Mr. de Yonghe has failed to make a colorable showing of factual innocence.

---

[1] He also contends that the default should be excused because he can show "cause" for filing an untimely appeal of his first application for post-conviction relief. Since, as we have explained, the Oklahoma courts did not rely on untimeliness of the first application to bar his second application, this argument is moot. We note, however, that it would not be successful in any case. The existence of cause for a procedural default turns on "whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986) (emphasis added). Mr. de Yonghe's mistake about appellate filing requirements would not be an "objective factor external to the defense." Nor could his failure to comply with statutory appellate requirements be excused because he is not a lawyer. See Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) ("[I]t is apparent [petitioner]'s assertions he is not a lawyer and he was unaware of [the Colorado collateral attack] statute's existence are insufficient as a matter of law to constitute 'cause.'").

[2] He raises this claim as an independent issue which he entitles "Actual Innocence of the Appellant." Appellant's Br. at 6.1 C. We do not read his claim that he is "actually innocent" as pleading a separate ground for habeas relief. Freestanding claims of actual innocence are not constitutional claims and do not provide a basis for granting a writ of habeas corpus. See Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir. 1998).

Although he highlights a number of discrepancies in the trial testimony, a reasonable juror could still have found him guilty beyond a reasonable doubt based upon the evidence presented. We therefore affirm the district court's finding that his jury instruction challenge is procedurally barred.

The Court of Criminal Appeals next found Mr. de Yonghe's ineffective assistance of trial counsel claim procedurally barred, because he could have raised it on direct appeal. That is not an "adequate" state ground to bar review in federal court, however. See Brecheen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir. 1994). Accordingly, this claim is not procedurally barred, and we will consider it on the merits.

In order to prove constitutionally ineffective assistance of trial counsel, a petitioner must show both "that his trial counsel committed serious errors in light of 'prevailing professional norms'" such that his legal representation fell below an objective standard of reasonableness, and that the deficient performance was so prejudicial that he was deprived of a fair trial with a reliable result. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Mr. de Yonghe contends that his trial counsel was ineffective for failing to object to the following jury instructions:

> You are instructed that the defendant is presumed to be not guilty of the crime charged against him in the Information unless his guilt is established by evidence beyond a reasonable doubt and that presumption of not being guilty continues with the defendant unless

every material allegation of the Information is proven by evidence beyond a reasonable doubt.

Appellant's Br. at 6.3.

> You are instructed that the burden of proof in this case is upon the State to establish by evidence, beyond a reasonable doubt, all material allegations contained in the information and unless the State has met its duty in this respect, you cannot find the defendant guilty, and must acquit him.

Id. at 6.1.

Mr. de Yonghe contends that these jury instructions are constitutionally flawed. He objects to the first instruction because he claims it substitutes a presumption of "not guilty" for the presumption of innocence, and because it suggests that the presumption of innocence remains with the defendant, not throughout the proceedings, but only until the jury finds every material allegation to have been proven beyond a reasonable doubt.[3] He objects to the second instruction because it allowed the jury to decide which elements of the crime were "material" and to convict him even if every element of the crime had not been proved beyond a reasonable doubt.

---

[3] Appellee responds that a presumption of innocence instruction is not constitutionally required in every case. See Kentucky v. Whorton, 441 U.S. 786, 789 (1979). Appellee's argument misperceives the issue, however. We are concerned here, not with the absence of an instruction, but with an instruction which arguably misstates the law. See Mahorney v. Wallman, 917 F.2d 469, 473 (1990) ("A misstatement of the law that affirmatively negates a constitutional right or principle is often, in our view, a more serious infringement than the mere omission of a requested instruction.").

The Oklahoma Court of Criminal Appeals has determined that use of an instruction on the presumption of innocence nearly identical to that presented at Mr. de Yonghe's trial violates the Constitution by depriving a defendant of the presumption of innocence. See Flores v. State, 896 P.2d 558, 562 (Okla. Crim. App. 1995). The Flores case was decided after Mr. de Yonghe's trial and direct appeal were complete. Counsel is not ineffective for failing to anticipate arguments or appellate issues which only blossomed after the trial or appeal was complete. See Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law, or to press meritless arguments before a court"); Coleman v. Saffle, 869 F.2d 1377, 1394 n.15 (10th Cir. 1989) (holding that competency of counsel should be measured by what he reasonably should have known at the time of trial, ten years earlier). Mr. de Yonghe contends, however, that the basis for reversal was reasonably available to his counsel even before Flores was decided. We disagree.

The court in Flores noted that it had found only one other case dealing with the propriety of administering an instruction presuming the defendant "not guilty," and that in that case, the instruction was upheld. See Flores, 896 P.2d at 562 n.7. In the absence of such specific authority, counsel would have had only more general principles to provide guidance. It was well settled prior to Mr. de Yonghe's trial and appeal, and continues to be the law, that use of the particular

phrase "presumption of innocence" in an instruction is not required to preserve the constitutionally-rooted presumption of innocence. See Taylor v. Kentucky, 436 U.S. 478, 485-86 (1978). Whether or not Flores is consistent with Taylor, Mr. de Yonghe's trial and appellate counsel were not required to anticipate that the Flores court would hold a "presumed not guilty" instruction unconstitutional.

Mr. de Yonghe contends that the instruction is also unconstitutional because it strips the defendant of the presumption of innocence before the jury has completed deliberations. The Flores case acknowledges a similar argument made by the defendant there, but it does not appear that this was an independent basis for the court's reversal of his conviction. Mr. de Yonghe relies in part on Mahorney v. Wallman, 917 F.2d 469 (10th Cir. 1990). In Mahorney, we noted that "the presumption [of innocence] (1) remains with the accused throughout every stage of the trial, including . . . jury deliberations, and (2) is extinguished only upon the jury's determination that guilt has been established beyond a reasonable doubt." Id. at 471 n.2. We determined that the prosecutor's argument in that case that the presumption of innocence had been "removed by the evidence" violated the defendant's due process rights. See id. at 471-72.

This case is different from Mahorney. The challenged instruction did not affirmatively admonish the jury to abandon the presumption of innocence prior to deliberations. Moreover, Mr. de Yonghe does not point to any argument by the

prosecution that the presumption had been overcome or removed by the evidence presented. Although the instruction should have been more explicit about the continuing presumption of innocence, Mr. de Yonghe has failed to show that his counsel's failure to object to it deprived him of a fair trial or of a specific constitutional right.

Mr. de Yonghe also contends his counsel was ineffective for failing to object to the burden of proof instruction. The error asserted here lies in the use of the phrase "all material allegations." "The prosecution bears the burden of proving all elements of the offense charged, and must persuade the factfinder 'beyond a reasonable doubt' of the facts necessary to establish each of those elements." Sullivan v. Louisiana, 508 U.S. 275, 277-78 (1993) (citations omitted).

Courts routinely use the qualifier "material allegations" when charging juries concerning the burden of proof. See, e.g., Wiggerfall v. Jones, 918 F.2d 1544, 1547 (11th Cir. 1990); Jacks v. Duckworth, 857 F.2d 394, 403 (7th Cir. 1988). We have found no support for the concept that this practice undercuts the prosecution's burden to prove all the elements of the offenses charged.[4] Mr. de Yonghe fails to show that a reasonable juror would consider any element of the

---

[4]     The Flores court stated, concerning a similar instruction, only that it "may be confusing." Flores, 896 P.2d at 562.

crimes with which he was charged "immaterial" and therefore not subject to proof beyond a reasonable doubt, simply because of the wording of this instruction. We conclude that his trial counsel was not ineffective for failing to object to the instruction.[5]

A similar analysis applies to Mr. De Yonghe's ineffective assistance of appellate counsel claim. The <u>Flores</u> case was decided after his direct appeal was complete. The jury instruction issues here fell far short of being "obvious from the trial record" and would not necessarily "have leaped out upon even a casual reading." <u>United States v. Cook</u>, 45 F.3d 388, 395 (10th Cir. 1995). Mr. de Yonghe has failed to show that his appellate counsel was constitutionally ineffective.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[5]     In the final pages of his brief, Mr. de Yonghe raises a number of other bases for considering his trial counsel ineffective. These are either raised for the first time on appeal, or unsupported with cogent arguments or both. Accordingly, we do not consider them.