**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DENNIS LLOYD BURTON,

    Petitioner - Appellant,

v.

TOM C. MARTIN, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

    Respondents - Appellees.

No. 98-7034

(E.D. Oklahoma)

(D.C. No. 97-CV-378-S)

### ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dennis Lloyd Burton, an Oklahoma state inmate appearing pro se, seeks a certificate of appealability in order to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. He contends that the district court incorrectly decided the facts and improperly applied the law. Because Burton has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability and dismiss the appeal.

The relevant background and Burton's six grounds for seeking habeas relief have been thoroughly set forth in the magistrate judge's Findings and Recommendations which the district court adopted. R. Vol. I, Tabs 7, 9. In this appeal, Burton repeats the same six claims of error, the first five of which he also raised in his direct state criminal appeal (the "undefaulted claims"). In addition to the five undefaulted claims, Burton also repeats his claim for habeas relief based upon a trial error which he failed to raise on direct appeal. Specifically, he complains that a jury instruction which stated that he was presumed "not guilty" failed to follow the uniform Oklahoma instruction which provides that a defendant is presumed "innocent." Relying on Flores v. State, 896 P.2d 558, 562 (Okla. Crim. App. 1995), which reversed a conviction because of a similar instruction, he contends that his conviction must also be reversed.

When Burton raised the jury instruction error for the first time in state post-conviction proceedings, the Oklahoma Court of Criminal Appeals found it to be procedurally barred. In an effort to overcome the state procedural bar, Burton argues that his state appellate counsel's failure to include the error in his direct appeal constituted ineffective assistance.

As the magistrate judge correctly noted, Burton may not obtain federal habeas relief for errors of state law. Rather, federal court habeas review is limited to determining whether a defendant's constitutional rights were violated. R. Vol. I, Tab 7 at 3 (citing Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994)). We agree with the magistrate judge's conclusion that the five undefaulted claims either raise no question of constitutional violations, or the record fails to establish any such violation.[1] See id., at 3-4.

As to his claim respecting the jury instruction, in order to overcome the procedural bar, Burton must show both that his appellate counsel's performance was constitutionally deficient and that counsel's deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In this case, the

---

[1]In his brief to us, Burton argues that the magistrate judge failed to recognize the many claims of ineffective assistance of trial counsel which were incorporated into his first five arguments. After full review of Burton's district court brief, we find the only such claim to be in connection with his disputed waiver of a preliminary hearing. However, Burton's conclusory allegations fail to demonstrate any prejudice. See Strickland v. Washington, 466 U.S. 688, 687-88 (1984).

record clearly establishes that Burton's appeal had been perfected and submitted at the time that the Flores opinion was issued, and Burton's brief to the district court concedes that Oklahoma rules prevented counsel from supplementing his brief at that time. R. Vol. I, Tab 2 at 38. Counsel is not ineffective for failing to anticipate arguments or appellate issues which are based on decisions issued after the appeal was submitted. See Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir. 1993).

Nonetheless, Burton contends that the basis for reversal should have been obvious to his counsel even before Flores was decided. We disagree. The court in Flores noted that it had found only one other case concerning an instruction which stated that the defendant is presumed "not guilty," and in that case, the instruction was upheld. See Flores, 896 P.2d at 562 n. 7. Given the absence of specific contrary authority, counsel was entitled to rely on general principles which provide that an instruction using the particular phrase "presumption of innocence" is simply one means of protecting an accused's constitutional right to be judged solely on the basis of proof adduced at trial. See Taylor v. Kentucky, 436 U.S. 478, 483 n. 12, 485–86 (1978) (contemplating "any other form of words" which safeguards the Due Process requirement that guilt must be established by probative evidence and beyond a reasonable doubt.) Accordingly, Burton's appellate counsel was not required to anticipate that the Flores court

would hold unconstitutional an instruction using the form of words "presumed not guilty," and Burton has failed to demonstrate that he received ineffective assistance of appellate counsel.

DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge