**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MATTHEW JAMES HAMPTON,

       Petitioner-Appellant,

v.

H. N. SCOTT, aka Sonny Scott,

       Respondent-Appellee.

No. 98-5114
(D.C. No. 96-CV-470-E)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner, appearing pro se, seeks a certificate of appealability in order to appeal the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, upon determining the claims were procedurally barred. The district court granted leave to appeal in forma pauperis; we have jurisdiction under 28 U.S.C. § 1291. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," we deny his application for a certificate of appealability and dismiss this appeal. 28 U.S.C. § 2253(c)(2).

## Standard of Review

We review the district court's legal conclusions de novo and its factual findings under the clearly erroneous standard. See Castro v. Oklahoma, 71 F.3d 1502, 1510 (10th Cir. 1995). "On habeas review, this court will not consider issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991)). We review petitioner's claims of ineffective assistance of counsel de novo. See Hoxsie v. Kerby, 108 F.3d 1239, 1245 (10th Cir. 1997).

## State Trial Proceedings

Petitioner was convicted, following a jury trial, of unlawful delivery of cocaine, failure to obtain a drug stamp, and unlawful possession of crack cocaine, all after former conviction of two or more felonies. His consecutive sentences totaled seventy-six years. On direct appeal, represented by new counsel, petitioner raised four issues: (1) introduction without advance notice of evidence of other crimes; (2) prejudice caused by the revocation of bail at the end of the first day of trial; (3) denial of the effective assistance of trial counsel;[1] and (4) excessive punishment imposed by the jury. See R. Doc. 8, ex. D at 5-9. The Oklahoma Court of Criminal Appeals affirmed the convictions and sentences in all respects. R. Doc. 8, ex. G, Opinion.

---

[1] The alleged ineffectiveness consisted of (1) waiver of opening statements during guilt and sentencing stages of proceedings; (2) failure to object both to other crimes evidence offered by the state and to inappropriate arguments by opposing counsel; (3) failure to cross-examine particular witnesses during the second stage of the proceedings; (4) improper reference to a gun in closing argument in the first stage of the proceedings; (5) failure to make closing arguments in the second stage of the proceedings; (6) failure to object to jury instructions; and (7) failure to conduct pretrial discovery or meaningful plea negotiations. See R. Doc. 8, ex. D at 7-8.

## State Court Post-Conviction Proceedings

Petitioner then filed a pro se application for post-conviction relief, claiming that his sentence was illegally enhanced under Okla. Stat. tit. 21, § 51(B) because his prior convictions arose out of the same transaction. He also contended he should have been sentenced under Okla. Stat. tit. 63, § 2-402. [2] He also claimed the jury was erroneously instructed, during the second phase of the proceedings, on the presumption of innocence and on the prosecutor's burden of proof in violation of Flores v. State, 896 P.2d 558 (Okla. Crim. App. 1995). With respect to these errors he alleged ineffectiveness of both trial and appellate counsel in failing to raise these issues.

The Oklahoma Court of Criminal Appeals did not specifically address petitioner's claim that *trial* counsel was ineffective for failing to raise the sentencing enhancement and jury instruction issues, except to note that those issues were not raised on direct appeal. Instead, the court ruled that counsel [3] was not ineffective by the mere fact that counsel failed to recognize either the factual or legal basis for a constitutional claim, or failed to raise the claim if

---

[2]    The Oklahoma Court of Criminal Appeals ruled against petitioner on the merits of this claim. Because petitioner did not brief the issue on appeal to this court, we will not address it further.

[3]    It is simply not clear whether the court meant trial or appellate counsel, or both.

recognized. See R. Doc. 8, ex. G, Opinion at 2 (citing Webb v. State, 835 P.2d 115, 116 (Okla. Crim. App. 1992) and Murray v. Carrier, 477 U.S. 478, 486 (1986)). The court then determined that because petitioner had failed to show that "some external impediment prevented him, or his appellate counsel, from constructing or raising a claim," petitioner had bypassed or waived the issues. See R. Doc. 8, ex. G, Opinion at 2-3.

## Federal Court Proceedings

Petitioner then filed his petition for writ of habeas corpus under 28 U.S.C. § 2254. In denying the petition, the district court determined that petitioner's claims were defaulted because they were not raised on direct appeal and that the Oklahoma Court of Criminal Appeals had declined to review them for that reason. The court then held that petitioner had failed to show cause and prejudice for the default. The "cause" element was not met because the court found that trial and appellate counsel were not ineffective for failing to object to the use of petitioner's prior convictions to enhance his sentence.

The court also determined that trial and appellate counsel were not ineffective for failing to raise the jury instruction issue because Flores does not apply to instructions given during the sentencing stage of the proceedings. Finally, the court held petitioner had failed to establish a claim of actual innocence entitling him to habeas relief.

-5-

**Discussion**

On appeal petitioner raises the same issues he raised in district court. The focus here, however, is whether petitioner was denied the effective assistance of counsel guaranteed by the Sixth Amendment. We have held that "[a] habeas petitioner may establish cause for his procedural default by showing that he received ineffective assistance of counsel." Banks v. Reynolds, 54 F.3d 1508, 1514 (10th Cir. 1995) (citing, *inter alia*, Murray, 477 U.S. at 488-89)). Although the failure to raise a claim during trial or on direct appeal generally will preclude federal habeas review of the merits of the claim absent a showing of either cause and prejudice or a fundamental miscarriage of justice, when the underlying claim is ineffective assistance of counsel, the general rule must give way because of concerns unique to ineffective of trial counsel assistance claims. See Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994). Thus, failure to raise an ineffectiveness of trial counsel claim on direct review does not preclude federal habeas review because of procedural bar.

In English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1998), we held that "the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved on the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for

-6-

ineffectiveness claims is adequately and evenhandedly applied." Here, although trial and appellate counsel were different, we do not have the entire trial record. Moreover, a claim of ineffective appellate counsel is a separate issue. We will therefore consider the merits of petitioner's claims. See Miller v. Champion, 161 F.3d 1249, 1252 (10th Cir. 1998). "To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial." Banks, 54 F.3d at 1515 (quotation omitted).

If a petitioner alleges that his appellate counsel was ineffective for failing to raise an issue on appeal, we will examine the merits of the omitted issue. See id. In addition, "an appellate advocate may deliver deficient performance and prejudice a defendant by omitting a 'dead-bang winner,' even though counsel may have presented strong but unsuccessful claims on appeal." United States v. Cook, 45 F.3d 388, 395 (10th Cir. 1995). We have described a "dead-bang winner" issue as one which is obvious from the record, leaping out on even a casual reading and one which would have resulted in reversal on appeal. See id. A habeas petitioner bears the burden of establishing that his appellate counsel omitted such an issue. See Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998), cert. denied, 119 S. Ct. 1053 (1999).

Petitioner first claims that his trial attorney erred in not challenging the convictions used to enhance his sentence under Okla. Stat. tit. 21, § 51, which reads in pertinent part:

> B. Every person who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offenses within ten (10) years of the date following the completion of the execution of the sentence, shall be punished by imprisonment in the State Penitentiary for a term of not less than twenty (20) years. Felony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location. . . .

Petitioner contends that the two felonies used to enhance his sentence arose from the same transaction. We have held that a trial attorney's failure to object to the use of a "facially insufficient" prior conviction for purposes of classifying a defendant as a career offender constitutes deficient representation. See United States v. Kissick, 69 F.3d 1048, 1056 (10th Cir. 1995). Here, however, the prior convictions, one for unlawful delivery of a controlled drug and the other for assault and battery on a police officer, are not *facially* insufficient. That the judgments were entered in the same case number on the same date does not necessarily establish that they arose out of the same transaction. See, e.g., Rackley v. State, 814 P.2d 1048, 1050 (Okla. Crim. App. 1991) (holding fact that charges were similar, pleas to crimes were entered same day, or that case numbers were consecutive not sufficient proof that crimes were related); Cobb v. State, 773 P.2d 371, 372 (Okla. Crim. App. 1989) (holding arrest for possession of

-8-

stolen vehicle and subsequent discovery that defendant possessed controlled drug insufficient to establish interrelated convictions prohibited by § 51(B)); Vowell v. State, 728 P.2d 854, 859 (Okla. Crim. App. 1986) (finding closeness of case numbers and plea of guilty to both on same day insufficient to meet plaintiff's burden of presenting evidence that convictions arose from same transaction or occurrence).

Thus a reasonable and competent attorney could have concluded that use of these prior convictions did not violate the statute. Therefore, petitioner has failed to show that his trial attorney made an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). As the issue was not a dead-bang winner, appellate counsel was not ineffective for failing to raise it, either.

Next, petitioner claims that the trial court's instruction during the second stage of the proceedings on the presumption of innocence violated the rule established in Flores, 896 P.2d at 562-63, holding the trial court erred in instructing jury that a defendant is presumed "not guilty" of a crime, instead of "presumed innocent," and in requiring the state to prove "all the material allegations contained in the [i]nformation" instead of "each element of the crime," beyond a reasonable doubt. The instruction given in petitioner's case,

which contained both these charges, was virtually identical to those found infirm by the Flores court.

At the time of petitioner's trial, Flores had not been decided. Moreover, the Flores court found the distinction between the presumption of innocence and the presumption of not guilty to be a "subtle" one. Id. at 562. The court also concluded the "material allegations" versus "each element of the crime" difference to be "not as troubling as the presumption of innocence instruction," but rather potentially "confusing." Id. at 563. Trial counsel's failure to discern either a subtle distinction or potential confusion does not rise to the level of constitutionally ineffective assistance.

In a case similar to this, where the appeal had been perfected and submitted at the time the Flores opinion was issued, we held that "appellate counsel was not required to anticipate that the Flores court would hold unconstitutional an instruction using the form of words 'presumed not guilty,'" and that the petitioner had therefore failed to demonstrate that he received ineffective assistance of counsel. See Burton v. Martin, No. 98-7034, 1998 WL 694531, at **2 (10th Cir. Oct. 6, 1998) (unpublished order and judgment). "Given the absence of specific contrary authority, counsel was entitled to rely on general principles which provide that an instruction using the particular phrase 'presumption of innocence' is simply one means of protecting an accused's constitutional right to be judged

-10-

solely on the basis of proof adduced at trial." Id.; see also De Yonghe v. Scott, No. 97-5062, 1998 WL 166075, at **3 (10th Cir. Apr. 10, 1998) (holding that neither trial nor appellate counsel were ineffective for failing to raise Flores issue where Flores was decided after petitioner's trial and direct appeal were complete) (unpublished order and judgment), cert. denied, 119 S. Ct. 378 (1998).

For the same reasons, the failure of trial and appellate counsel to challenge the use of the phrase "all material allegations" with respect to the state's burden of proof fails to establish ineffectiveness of either counsel. See De Yonghe, 1998 WL 166075, at **4-5.

The record reflects that petitioner's direct appeal brief was filed on February 2, 1994, a full eleven months before Flores was decided. Petitioner's contention that after Flores was decided, counsel should have filed a supplemental brief addressing the issue is also without merit. The opinion in his direct criminal appeal was filed August 17, 1995. At that time, Okla. Court Crim. App. Rule 3.4(F)(2) allowed supplemental briefing to present new authority only on issues previously raised. Propositions of error raised for the first time would not be considered.

The current version of Rule 3.4(F)(2), which does permit the raising of new propositions of error on issues of first impression decided after the filing of an opening brief but before the case is decided, did not become effective until

-11-

November 1, 1995. Thus, appellate counsel cannot be faulted for failing to file a supplemental brief.   See Burton , 1998 WL 694531, at **1.

Finally, petitioner contends he is actually innocent of his enhanced sentence. In  Selsor v. Kaiser , 22 F.3d 1029, 1036 (10th Cir. 1994), we held that "[i]n a habitual offender case, the petitioner is actually innocent of the sentence if he can show he is innocent of the fact--    i.e. , the prior conviction--necessary to sentence him as an habitual offender."  Petitioner here does not claim factual innocence of the prior convictions, but merely that he is innocent of having two convictions meeting the requirements of the enhancement statute.  "In any event, actual innocence of the sentence still requires a showing of      factual innocence."  Id.

Because petitioner has failed to make a substantial showing of the denial of a constitutional right, we DENY the application for a certificate of probable cause and DISMISS the appeal.

Entered for the Court

James E. Barrett
Senior Circuit Judge

-12-